WILLIAM DAVIS V. STATE OF NEBRASKA.

[FILED JANUARY 20, 1891.]

1. **Rape:** ASSAULT ON CHILD. An assault by a male person of the age of eighteen years or upwards, with intent to carnally know a female child under the age of fifteen years is punishable in this state as an assault with the intent to commit a rape.

2. ———: ———: CONSENT IMMATERIAL. In a prosecution for an assault upon the person of a girl under the statutory age of consent, with intent to commit a rape, it is not necessary to allege or prove that the acts were done against her will. Whether she consented or resisted is immaterial.

| | |
|---|---|
| 31 | 247 |
| 36 | 162 |
| 36 | 286 |
| 36 | 810 |
| 31 | 247 |
| 40 | 324 |
| 31 | 247 |
| 43 | 32 |
| 31 | 247 |
| 44 | 421 |
| 31 | 247 |
| 46 | 15 |
| 46 | 61 |
| 46 | 154 |
| 31 | 247 |
| 51 | 695 |
| 53 | 104 |
| 54 | 298 |
| 31 | 247 |
| 61 | 430 |
| 61 | 671 |

**3. Information:** VERIFICATION BY NOTARY: WAIVER. An information in a criminal prosecution must be sworn to before a magistrate authorized to administer oaths, and not before a notary public. Defects in the verification of an information not raised until after verdict are waived.

**4. Jury:** SELECTION: OBJECTIONS to the mode of selecting petit jurors must be made before trial to be of any avail.

**5. Criminal Law:** TESTIMONY OF ACCUSED. When the defendant in a criminal case testifies in his own behalf, it is not error to charge the jury that in weighing his testimony they might consider his interest in the result of the trial.

**6. Witnesses:** COMPETENCY: A CHILD possessing sufficient capacity to understand the nature and obligations of an oath is a competent witness.

**7. Evidence** examined, and *held*, insufficient to sustain the verdict.

ERROR to the district court for Greeley county. Tried below before HARRISON, J.

*G. C. Wright, H. S. Sprecher,* and *H. G. Bell,* for plaintiff in error, cited: *O'Meara v. State,* 17 O. St., 516; *Fox v. State,* 34 Id., 377; *U. S. v. Houghton,* 14 Fed. Rep., 544; *State v. Canada,* 27 N. W. Rep., 288; *Krum v. State,* 28 Id., 280; *Skinner v. State,* 28 Neb., 814; *Rash v. State,* 61 Ala., 89; *People v. Millard,* 53 Mich., 63; Bishop, Stat. Crimes, secs. 487, 489, 495; *Dawkins v. State,* 58 Ala., 376; *Hays v. People,* 1 Hill [N. Y.], 351; *Johnson v. State,* 27 Neb., 687; *Burley v. State,* 1 Id., 396; *Preuit v. State,* 5 Id., 377; *McElvoy v. State,* 9 Id., 157; *Clark v. Saline Co.,* 9 Id., 516; *Olive v. State,* 11 Id., 1; *Barton v. State,* 12 Id., 263.

*William Leese, Attorney General, contra,* cited cases referred to in opinion.

NORVAL, J.

The plaintiff in error was convicted of an assault with intent to commit a rape upon Pearl Mitchell, a female

child under the age of fifteen years.   A motion for a new
trial was overruled.   Thereupon the defendant filed a mo-
tion in arrest of judgment, which motion the court over-
ruled, and sentenced the defendant to confinement in the
penitentiary for the term of two years.

The information contained two counts.   The first for
rape, and the second for assault with intent to commit that
crime.   The county attorney, with the consent of the court,
entered a *nolle prosequi* as to the first count, and placed
the defendant upon trial on the second count of the in-
formation.   This count reads as follows:   "And I, M. B.
Gearon, duly elected and qualified county attorney in and
for Greeley county, and state of Nebraska, who prosecutes
for and on behalf of said state in the district court of said
county of Greeley, and duly empowered by law to inform
of offenses committed in the said county of Greeley, come
now here and give the court to understand and be in-
formed that heretofore, to-wit, on the first day of October,
in the year of our Lord one thousand eight hundred and
eighty nine, said William Davis, in the county of Greeley,
and state of Nebraska aforesaid, did unlawfully, know-
ingly, willfully, and feloniously assault said Pearl Mitch-
ell, a female child under the age of fifteen years, then and
there with felonious intent to ravish and carnally know
the said Pearl Mitchell, forcibly and against her will, con-
trary to the form of the statutes in such cases made and
provided, against the peace and dignity of the state of Ne-
braska."

It is urged by counsel for plaintiff in error that the
matter stated in said count does not constitute a crime under
the Criminal Code of this state.   In other words, that
there is in this state no statute making an assault upon a
female child under the age of fifteen years, with intent to
carnally know her, a criminal offense.

Section 12 of the Criminal Code provides that "If any
person shall have carnal knowledge of any other woman,

or female child, than his daughter or sister, as aforesaid forcibly and against her will; or if any male person of the age of eighteen years or upwards shall carnally know or abuse any female child under the age of fifteen years with her consent, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years."

It is laid down in the books as a general rule that to constitute the crime of rape the unlawful carnal knowledge must be had forcibly and against the will of the woman, that she must oppose the act, and that if she consents to the carnal connection the prosecution must fail. To the rule that the woman must resist the act there are certain well understood exceptions, such as where she is insane, or where the consent has been obtained by deceit or fraud, or by fear of personal violence.

The legislature, by section 12, has made another exception, and that is where unlawful intercourse is had with a female child under fifteen years of age, with her consent. A child under the age of fifteen years is incapable of giving consent to an act of carnal knowedge. Sexual intercourse with a child under the age of consent constitutes a rape under the laws of this state.

This prosecution is brought under section 14 of the Criminal Code, which provides that "If any person shall assault another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen years nor less than two years."

Section 12 quoted above defines the crime of rape, and it was the intention and purpose of the legislature, in adopting section 14, to punish as a crime an assault upon a female child under fifteen years of age, with intent carnally to know her, whether she formally consent to the assault or not, as well as an assault made upon a female over the age of fifteen years, forcibly and against her will with intent to

commit a rape.   As it is not necessary in a prosecution for a rape committed upon a child under the age of consent to prove that the acts were done against her will, so an assault with intent to commit a rape made upon a girl under the age of fifteen years is punishable under the statute, although committed with the consent of the child. Whether she consented or resisted the assault is not material. (*Fizell v. State*, 25 Wis., 364; *People v. Gordon*, 11 Pac. Rep., 762; *Hays v. People*, 1 Hill, 351; *Com. v. Roosnell*, 8 N. E. Rep. [Mass.], 747 ; *People v. McDonald*, 9 Mich., 150; *Mayo v. State*, 7 Tex. App., 342; *State v. Johnston*, 76 N. Car., 209 ; *Territory v. Keyes*, 38 N. W. Rep. [Dak.], 440; *People v. Courier*, 44 Id. [Mich.], 571 ; *Stephens v. State*, 11 Ga., 226; 1 Whart., Crim. Law, 577 ; *State v. Grossheim*, 44 N. W. Rep. [Ia.], 541.)

In *Commonwealth v. Roosnell, supra*, Judge Allen says: "If, as all agree, it is immaterial upon a charge of committing the completed act, which includes an assault, no reason but an extremely technical one can be urged why it should not be so upon a charge of assault with intent to commit the completed act.   Indeed, to speak of an assault upon her without her consent, with intent to carnally know and abuse her with her consent, seems to involve a contradiction in terms.   But when it is once considered that the intention of the law is to declare that a young girl shall be deemed incapable of consenting to such an act to her injury, and that evidence of any consent by her shall be incompetent in defense to an indictment therefor, and that although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and cannot take in the meaning of what is done, all legal difficulty disappears, and the conclusion may properly be reached that the assault is without her consent, and against her will."

In *People v. McDonald*, 9 Mich., 150, the court in considering a question similar to the one at bar says: "As actual consent of a female child under the age of ten years

cannot be shown upon a trial for the crime of rape, because
the law will not suffer the presumption of incapacity to
consent to be repelled, or even attacked, neither in case of
a charge of assault with intent to commit such crime can
consent be shown to negative such intent, for the law will
neither suffer nor consider such evidence.    There can be no
presumption or evidence of consent in cases in which the
law declares there exists an absolute inability to consent.
As there can be no such implication or evidence, so no
proof of consent can be given which shall 'waive the as-
sault,' and the rule laid down in the cases cited by the
prisoner's counsel can only apply when consent is possible.".

A number of cases are cited by counsel for plaintiff in
error in conflict with this doctrine, but the weight of au-
thority in this country holds that the consent of a child
under the statutory age to sexual intercourse does not
waive the assault.    Even under most of the authorities,
cited in plaintiff's brief, the information states an offense
as it charges that the assault was made forcibly and against
the will of the prosecutrix.

The point is made that the information is defective be-
cause it was verified by the county attorney before a notary
public.    It was held in *Richards v. State*, 22 Neb., 145,
that an information must be sworn to before a judicial offi-
cer authorized to administer the oath, and not before a no-
tary public.    Had the objection been made in time it would
have been sufficient ground for reversing the case.    The
record before us shows that the defect was first called to
the attention of the trial court in the motion in arrest of
judgment.    The defect was therefore waived.    It should
have been raised by motion to quash before pleading to the
information. (Criminal Code, secs. 440, 444.)

Objection is made to the manner in which the petit jury
was drawn to serve at the term of the district court at
which the defendant was tried.    It is claimed that the list
of names prepared by the county board, from which the

jurors were drawn, was selected without regard to equality between the several precincts of the county.

The sections of the Code of Civil Procedure governing the selection of jurors are as follows:

"Sec. 658. In each of the counties in this state, wherein a district court is appointed or directed to be holden, the county commissioners of the county shall, at least fifteen days before the first day of the session of the court, meet together, or any two of them may meet, and select sixty persons possessing the qualifications prescribed in section six hundred and fifty-seven, and as nearly as may be a proportionate number from each precinct in the county, and shall, within five days thereafter, furnish to the clerk of the district court of the county, or his deputy, a list of the names of the persons selected.

"Sec. 659. The clerk or deputy clerk receiving the names shall write the name of each person selected on a separate ticket and place the whole number of tickets into a box or other suitable and safe receptacle, and shall preserve the list of names furnished by the commissioners in the files of his office.

"Sec. 660. The clerk of the district court or his deputy, and the sheriff or his deputy, or, if there be no sheriff or deputy sheriff, the coroner of the county, shall, at least ten days before the first day of the session of the district court, meet together and draw by lot out of a box, a receptacle wherein shall be kept the tickets mentioned and referred to in section (659) six hundred and fifty-nine of said title, twenty-four names, and the persons whose names are drawn shall be the petit jurors. And when a grand jury is ordered, the clerk or deputy clerk, and sheriff or deputy sheriff, or coroner, if there be no sheriff or deputy sheriff, shall then draw sixteen (16) additional names, and the persons whose names are drawn shall be the grand jury."

It will be observed that the statute requires that the list of persons from which the panel is drawn must be

filled in due proportion from all the precincts of the county. It does not appear on the record, by affidavit or otherwise, that the county board in selecting the names disregarded the rule of equality laid down by the legislature. In the absence of such a showing it will be presumed that they were properly distributed between the several precincts. It however appears from a copy of this list set out in the record that it contained only fifty-nine names. The statute requires that the commissioners shall select sixty names. It has been frequently declared by this court that the provisions of the statute relating to the selection of grand and petit juries are mandatory and must be strictly followed. (*Burley v. State,* 1 Neb., 397; *Preuit v State,* 5 Id., 377; *McElvoy v. State,* 9 Id., 157; *Clark v. Saline Co.,* Id., 516; *Barton v. State,* 12 Id., 260.)

No objection was made in the court below that the list from which the jurors were drawn did not contain the requisite number of names. The sole objection there made related to the inequality of the selection, and that was raised for the first time in the motion in arrest of judgment. This was too late. It should have been taken before the trial, by motion to quash the panel. The defendant waived all errors in the manner of selecting the jury. (*McElvoy v. State,* 9 Neb., 157.)

Exceptions were taken by the defendant's attorney to the 4th, 7th, 8th, and 9th paragraphs of the charge of the court. All but the 9th recognize the doctrine that a girl under the age of fifteen years is incapable of consenting to an act of sexual intercourse, and that in a prosecution for an assault upon such a child with intent to commit a rape, whether or not she consented to the assault was not material. What we have said in discussing the sufficiency of the information, disposes of the criticisms made upon these instructions.

The ninth instruction was in these words: "You are instructed that, in determining the weight to be given to

the testimony of the different witnesses, you should take into account the interest or want of interest they have in the case, their manner on the stand, the probability or improbability of their evidence, with all other circumstances in evidence before you which can aid you in weighing their testimony. The law gives the defendant a right to testify in his own behalf, and the defendant in this case has testified as a witness, and you should weigh his testimony as you weigh that of any other witness. Consider his interest in the result of the case to him, his manner, and the probability or improbability of his evidence, and give it such weight as you consider it entitled to in view of all the facts and circumstances proved in the trial."

It is urged by counsel that "the instruction was equivalent to telling the jury to disregard the testimony of the defendant, and that it was a usurpation by the judge of the power of the jury in determining the weight to be given the evidence." This criticism is without merit. In determining the weight to be given to the testimony of the defendant, the jury had the right to take into consideration his interest in the result of the trial, and it was not error to so inform the jury. (*St. Louis v. State,* 8 Neb., 405.)

It is claimed that neither Pearl Mitchell nor her brother Ralph had sufficient knowledge of the nature of an oath to entitle them to testify as witnesses in the case against the accused. At the date of the trial Pearl was eleven years old and Ralph nine. Both were examined as to their competency to testify, and from their examination contained in the record it clearly appears that each had the capacity to understand the nature and obligations of the oath they had taken, and were competent witnesses. No fixed rule can be laid down as to the age a child must be to entitle it to testify as a witness in a court of justice. The question of competency of a person to be a witness must be left to the sound legal discretion of the trial judge, leaving to the jury to determine the credit that ought to be given to the testimony.

It is claimed that the verdict is not supported by the evidence. To establish the offense charged in the information it was necessary for the prosecution to establish that the accused assaulted the prosecutrix and intended to have sexual intercourse with her. The testimony introduced by the state fails to show that the defendant attempted to gratify his passions upon the person of the child or that he had any such intention. If the testimony of the child is believed the defendant committed an indecent assault, but the circumstances detailed by her upon the witness stand fail to establish that he either attempted or intended to have sexual intercourse. The defendant in his testimony denies having made any assault. Evidence of his previous good character was given, and no witness was called to disprove the same. We are clear in the opinion that the verdict is unsupported by the evidence. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.