WILLIAM R. MYERS v. STATE OF NEBRASKA.

FILED MARCH 17, 1898.    No. 9825.

Rape: CONSENT: EVIDENCE. Under section 12, chapter 4, Criminal Code, it is not necessary to show want of consent on the part of the female to sustain a conviction for rape, or for an offense the elements of which are included within such charge of rape.

ERROR to the district court for Lincoln county. Tried below before GRIMES, J. *Affirmed.*

*Wilcox & Halligan*, for plaintiff in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

RYAN, C.

In this case the information filed in the district court of Lincoln county charged that on or about June 14, 1897, William R. Myers, in said county, being a male person of the age of eighteen years and upwards, did knowingly, willfully, unlawfully, and feloniously carnally know and abuse one Ethel Griffith, a female child under the age of eighteen years of age and previously chaste. The verdict of the jury was that the accused was guilty of an assault with intent to commit rape upon the person of Ethel Griffith. The accused was thereupon sentenced to imprisonment in the penitentiary for a term of two years. The testimony of the prosecuting witness was to the effect that Myers fully accomplished his purpose, and, corroborated as this was by the testimony of the sheriff as to admissions made by the accused, we are at a loss to understand the theory on which the jury could conclude that there was but an assault with intent to commit rape. The ages of the prosecuting witness and of the accused were sufficiently established as averred in the information, though there was sufficient evidence to have justified the jury in concluding that the prosecuting witness at the time of the alleged offense was at least eighteen years of age. As already indicated, there was sufficient proof of the consummation of the crime alleged, and the accused cannot complain that the jury refused to act logically to his disadvantage. The lesser offense was included within the charge of the greater, even though, in fact, there might have been consent. (*Davis v. State*, 31 Neb. 247.)

It is urged that the court did not define an assault, but to this we cannot yield assent, for while it is true that there was no express definition of an assault, there was

in one instruction a statement of the theory of the accused very favorable to him, and the jury were told that if they found the facts as claimed under said theory, they should find for the defendant. On this point he had all, and, as we think, even a little more, than he was entitled to. In prosecutions under the statute pursuant to which the information in this case was drawn the consent of the prosecuting witness was an immaterial consideration, and the district court properly so ruled. There is found no error in the record and the judgment of the district court is

AFFIRMED.