## Melvin G. Hubbard v. State of Nebraska.

FILED OCTOBER 9, 1902.	No. 12,660.

1. **Criminal Practice:** TIME TO PREPARE FOR TRIAL: DELAY FOR DELAY'S SAKE. Every person accused of crime should be afforded reasonable opportunity to marshal his witnesses and prepare for trial, but mere procrastination—delay for delay's sake—should not be tolerated.

2. **Motion for Continuance:** ABSENT WITNESS. The denial of a motion for a continuance in order to secure evidence is not reversible error where it appears that the testimony of the absent witness would be either false or immaterial.

3. ———: ———: ABUSE OF DISCRETION: SHOWING. The refusal of the district court to suspend for an indefinite time the trial of a criminal case to enable the defendant to procure the attendance of a witness is not, in the absence of a showing of diligence, an abuse of judicial discretion.

4. **Flight From Justice:** DILIGENCE. An accused person fleeing from justice after arraignment and before trial is not employing the kind of diligence contemplated by the law governing continuances.

5. **Suppressing Evidence:** STIFLING PROSECUTION: FLIGHT: UNFAVORABLE INFERENCES. An attempt to suppress evidence, to stifle the prosecution, and to prevent a trial by flight beyond the jurisdiction, are circumstances from which unfavorable inferences may be drawn against the defendant in a criminal case.

ERROR from the district court for Knox county. Tried below before BOYD, J. *Affirmed.*

*Jefferson H. Broady,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

The defendant, Melvin G. Hubbard, having been convicted of statutory rape, seeks by this proceeding a reversal of the sentence imposed upon him. The information is in two counts and charges two distinct offenses; one committed in June, and the other in September, 1901. The preliminary examination was held October 4, 1901, and

the information was filed on the 15th of the same month.
Four days later the trial was commenced. Before the jury
was impaneled defendant demanded a postponement of
the trial on the ground that he had not had sufficient time
for preparation, and his counsel now insists that the prose-
cution was pressed forward to a conclusion with unseemly
and unprecedented haste. It must be admitted that the
case was disposed of with unusual dispatch, but that of it-
self is not sufficient to vitiate the sentence. Criminal jus-
tice is supposed to be leaden-heeled, but we have never un-
derstood that the leaden heel was indispensable. Every
person accused of crime should be afforded reasonable op-
portunity to marshal his witnesses and prepare for trial,
but mere procrastination—delay for delay's sake—should
not be tolerated.

The contention that the defendant was, by the refusal
of the court to grant a continuance, deprived of material
evidence has absolutely no basis in the record. Most of the
testimony of the absent witnesses would have been plainly
immaterial, and the remainder, according to the defend-
ant's own evidence, would have been false.

After the state had rested its case the defendant, by affi-
davit, informed the court that Ed Craig, a material wit-
ness, was within reach of process, and asked a suspension
of the trial long enough to procure his attendance. The re-
fusal of the court to grant this request is assigned for error.
In our opinion the ruling was not an abuse of the discre-
tionary power vested in the court. It does not appear by
direct averment or by inference from the facts stated that
any effort was made before trial to secure the personal
attendance or testimony of Craig. There is no showing of
diligence. Evidently the object and endeavor of the de-
fendant after the preliminary examination were not to
prepare for trial, but to avoid a trial. Instead of pursuing
witnesses, he was fleeing from justice. Besides it does not
appear at all probable that Craig could be found by the
sheriff. The only information as to his whereabouts
vouchsafed by the defendant was that he was somewhere

within the jurisdiction of the court. That might mean that he was in Knox county or any other county in the state. "An affidavit for a continuance, on account of absent witnesses, which fails to show that either their personal attendance or testimony will probably be obtained, if time is granted, is insufficient." *Polin v. State,* 14 Nebr., 540; *McClelland v. Scroggin,* 48 Nebr., 141.

The contention that the verdict is not sustained by sufficient evidence must be overruled. The prosecutrix testified directly and unequivocally to the commission of the criminal acts charged in the information. Her testimony is not intrinsically improbable, and it is supported by circumstances to which the jury were justified in attaching great weight. The evidence shows that the defendant forfeited his recognizance, and it tends to show that he was a fugitive from justice. He went to South Dakota, registered at a hotel under an assumed name, and was at his own request assigned to a room in the barn. He fled from the officer who pursued him and took shelter under a freight car. On one occasion he declared that a trial meant for him a term in the penitentiary. He also declared that he would rather blow his brains out than return to Nebraska. The evidence further tends to show efforts on his part to suppress evidence and stifle the prosecution. All of these circumstances have some probative value; they tell against the defendant, and some of them are strongly indicative of conscious guilt. Mr. Hubbard had, we think, a fair trial, and no serious doubt about the correctness of the result is entertained by any member of this court. The judgment is

AFFIRMED.

NOTE.—*Flight From Justice as Evidence of Guilt.* In *Krum v. State,* 19 Nebr., 728, the learned judge who wrote the opinion discusses at some length a tender of proof made on behalf of the state as though it were an assignment of misconduct on the part of the district attorney. Anyone who will look at the original record on file in the clerk's office,—which the learned judge evidently did not examine with care,—will find that the district attorney took exceptions which he sought to have passed upon concurrently with error proceeding prosecuted by the prisoner.—W. F. B.