STATE OF NEBRASKA, APPELLEE, V. ROBERT WILLIAM LOSIEAU, APPELLANT.

154 N. W. 2d 762

Filed December 8, 1967. No. 36643.

Ray C. Simmons, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCown, J.

Under the Nebraska Post Conviction Act, the defendant has appealed from the overruling of a motion to vacate a January 1962 conviction and 20-year sentence for breaking and entering and habitual criminal.

The bulk of defendant's contentions in the motion as amended involve the claim that certain evidence introduced at the trial was the fruit of a unlawful search and seizure and inadmissible under the rule of Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A. L. R. 2d 933.

The original trial here was several months after the decision in Mapp v. Ohio, *supra*. Experienced and able trial counsel had filed a motion in the trial court to suppress the evidence and had objected to its introduction when offered, and also represented the defendant on appeal to this court. The original conviction was affirmed, State v. Losieau, 174 Neb. 320, 117 N. W. 2d 775. The unlawful search and seizure issue was not raised on the appeal. Under the comparable federal statute, it has been almost universally held that ordinarily an alleged illegal search and seizure issue may not be successfully raised in a proceeding which constitutes a collateral attack on the sentence, but must be presented in the appeal from the conviction. In Cox v. United States, 351 F. 2d 280 (8th Cir.) 1965, the court affirmed dismissal of a motion to vacate without an evidentiary hearing and stated: "Likewise, the illegal search and seizure issue cannot be considered on a § 2255 motion where, as here, the circumstances of the search and seizure were fully known to the defendant at the time of his trial resulting in his conviction." See, also, Springer v. United States, 340 F. 2d 950 (8th Cir.) 1965.

This court has repeatedly held that a proceeding under our Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

We hold that an illegal search and seizure issue cannot be considered in a post conviction review where the circumstances of the search and seizure were fully known to the defendant at the time of the trial resulting in his conviction.

The defendant also contends that to allow a conviction to be used more than once to support a habitual criminal charge is a misinterpretation of the Constitution, a cruel and unusual punishment, and places the defendant twice in jeopardy. The record shows that a conviction and sentence for stealing an automobile on August 3, 1945, and a conviction and sentence for burglary and habitual criminal on October 9, 1952, both from Douglas County, Nebraska, were the basis for the conviction on the habitual criminal charge on which the 20-year sentence was imposed in the present breaking and entering conviction in Dodge County in 1962. The defendant contends that completion of a sentence for a felony where the penalty has been enhanced because of the habitual criminal conviction should "wipe the slate clean."

Our habitual criminal law does not set out a distinct crime but provides that the repetition of criminal conduct aggravates the crime and justifies heavier penalties. Rains v. State, 142 Neb. 284, 5 N. W. 2d 887. It does not punish a defendant for his previous offenses, but for his persistence in crime. Taylor v. State, 114 Neb. 257, 207 N. W. 207. We see no reason why a first conviction under the habitual criminal law which increases the penalty for the felony conviction with which it is associated should be treated as wiping the slate clean and permitting the defendant to start over again as though he had never been convicted of any felony. Where the very purpose of the habitual criminal act is to penalize the repetition of criminal conduct, we find nothing unfair, much less unconstitutional, in using the same criminal conviction as the basis for the increased punishment for a subsequent felony conviction.

The issue is one of first impression in this state. Other jurisdictions studied, with the exception of Texas, seem to make no such distinctions as defendant contends for. More recent Texas cases indicate that the precedents relied on by defendant have been substantially distinguished. A habitual criminal conviction and the serving of the increased sentence on the third felony conviction does not pardon or condone, much less erase, all three convictions.

We hold that under our habitual criminal law, prior convictions may be used as the basis for enhancing the penalty for a subsequent felony conviction, even though they have previously been used for such purpose on a prior habitual criminal conviction. See, State v. Gaskey, 255 Iowa 967, 124 N. W. 2d 723; 25 Am. Jur., Habitual Criminals, § 19, p. 269.

The judgment is affirmed.

AFFIRMED.