**Robert William LOSIEAU, Appellee,**

v.

**Maurice H. SIGLER, Warden, Nebraska Penal Complex, Appellant.**

**No. 19693.**

United States Court of Appeals, Eighth Circuit.

Feb. 6, 1970.

Rehearing Denied March 5, 1970.

---

Melvin K. Kammerlohr, Asst. Atty. Gen. of Nebraska, Lincoln, Neb., for appellant; Clarence A. H. Meyer, Atty. Gen., on the brief.

J. Patrick Green, of Eisenstatt, Higgins, Miller & Kinnamon, Omaha, Neb., on brief for appellee.

Before BLACKMUN, MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

The State of Nebraska appeals from a conditional order of the district court issuing a writ of habeas corpus.[1] Petitioner asserted, in support of his habeas corpus petition, that his conviction in the state district court for breaking and entering was based upon illegally seized evidence. The State of Nebraska, in resisting the petition, asserted that Losieau had given consent to the search. Additionally, the state argued that even if consent did not exist, Losieau had knowingly and intentionally bypassed his right to object to the search during the state proceedings. Alternatively, the state urged that if the evidence was illegally seized and Losieau is now entitled to raise the issue in a collateral

---

1. The district court found in favor of petitioner, directing the state to either grant the petitioner his freedom or hold a new trial within 90 days from the date the order is made final.

proceeding, the admissibility of the evidence was nevertheless harmless error.

On appeal, the State of Nebraska asserts error in the district court's findings and additionally urges that at the very least, the state should have the opportunity to pass upon the factual issues relating to the consent to search and deliberate bypass. We affirm the federal district court's order.[2]

■ The federal district court in a lengthy, unreported opinion measured the state's claim of consent to the search *of his automobile* against the principles of Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Cf. McCreary v. Sigler, 406 F.2d 1264 (8 Cir. 1969). The record offered in the present proceeding consists of the state court transcript and the record of the evidentiary hearing before the federal district court. Losieau testified at the latter hearing but not at the trial itself. The testimony given by the police officers was that Losieau had consented to the search of *his home.* Losieau's consent was allegedly obtained after the officer stated that there was a search warrant at the police station and they could get it if necessary. The search warrant was never produced. Cf. Bumper v. North Carolina, supra at 548–550, 88 S.Ct. 1788. The petitioner testified that he was forced (at gun point) to give the officers the key to his car which was parked across the street from his home. This evidence was unrebutted. The federal district court found that the petitioner did not give his consent to search his automobile where the incriminating evidence (burglary tools) was found. We have no alternative but to agree. As was said in United States v. J. B. Kramer Grocery Co., 418 F.2d 987 (8 Cir. 1969):

"Whether consent has been given is a question of fact for the trial court to determine, subject to appellate review within the clearly erroneous rule."

■ The district court also found that there was not a deliberate bypass of the illegal search and seizure claim by failing to raise the issue on direct appeal of his conviction to the Nebraska Supreme Court. (See State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (1967)). In reaching this result, the district court applied the federal standards governing waiver. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The evidence is undisputed that the petitioner did not deliberately bypass his claim. In fact, he asked his attorney to raise the search and seizure issue in his appellate brief to the Nebraska Supreme Court. The federal district court also found that petitioner's lawyer had not waived the claim for strategic reasons. Cf. Pope v. Swenson, 395 F.2d 321 (8 Cir. 1968). Under the clearly erroneous rule, as a reviewing court, we cannot say that the district court's finding as to deliberate bypass was so mistaken beyond doubt to require reversal.

■ The federal district court applied the rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), in determining there was not harmless error. See also Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). We again find no error in the district court's ruling. The evidence at the state trial shows that the petitioner was identified by the town marshal as driving a car involved in the burglary itself. The marshal's identification was challenged, but the jury evidently credited his testimony. Losieau likewise was implicated by two accomplices, both of whom testified for the state. Upon the search of Losieau's car, the officers found a crow-

---

2. For a detailed history of Losieau's involvement in the criminal courts of Nebraska, see Losieau v. Sigler, 406 F.2d 795 (8 Cir. 1969), cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452, 485 (1969) (C. J. Burger and J. Stewart dissenting).

bar. One of the accomplices testified that Losieau had given him a crowbar in order to break into a building and steal some tires. Losieau's defense was one of alibi. His step sister and brother-in-law testified that he was with them in Omaha, Nebraska, playing bingo at the time of the burglary. Apropos in this situation is the language in Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), where the Supreme Court said:

> "The respondent has argued that the case should be remanded to let the California District Court of Appeal decide whether the admission of this evidence was harmless error. But the conviction depended in large part upon the jury's resolution of the question of the credibility of witnesses, and that determination must almost certainly have been influenced by the incriminating nature of the physical evidence illegally seized and erroneously admitted. There is thus at least 'a reasonable possibility that the evidence complained of might have contributed to the conviction.' Fahy v. Connecticut, 375 U.S. 85, 86, 84 S.Ct. 229, 230, 11 L.Ed.2d 171." 376 U.S. at 490 n. 8, 84 S.Ct. at 893.

■ The state urges that the federal district court's opinion was rendered prior to the Supreme Court's decision in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Therefore, the argument is made that the Nebraska Supreme Court's holding that Losieau had procedurally waived his right to raise the search and seizure issue by failing to appeal it directly, 182 Neb. 367, 154 N.W.2d 762 (1967), would not have been rendered had Kaufman already been decided. The state thus urges that the state court should have an opportunity to pass upon the factual issues of "bypass" and "consent." We think this argument fails to consider the law existing prior to Kaufman. Kaufman simply raised a federal prisoner's claim of constitutional error in a § 2255 proceeding to the same level of consideration which had always been given to a *state* prisoner in a § 2254 proceeding. Federal courts, in considering the validity of a state prisoner's procedural forfeiture in a state court, have long been required to apply federal constitutional standards to the problem of a knowing and intentional waiver. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, supra. See discussion of "Problems of Federal Habeas Corpus Involving State Prisoners," 45 F.R.D. 45 at 59. Kaufman did not alter this law or in any way change the state's responsibility in conducting evidentiary hearings. The state may still hold that it is within their procedural interests to bar a prisoner from raising constitutional issues for the first time in post-conviction proceedings. However, whenever a state does so, such a holding can only be frowned upon because, as was the rule prior to Kaufman, a federal court must still inquire whether the procedural bypass was a knowing and deliberate waiver under federal standards. Kaufman does not change the law governing state prisoners; it simply points up the futility of a federal procedural bypass rule.

■ In the instant case, the federal district court had the judicial power to consider the issues raised and conduct an evidentiary hearing on federal constitutional questions. The doctrine of exhaustion of state remedies is only a rule of comity and need not be mechanically applied where the state court, for procedural reasons, has once refused to pass upon the merits of the question. In any event, once jurisdiction is asserted and the federal district court has conducted a full evidentiary hearing, it would be a waste of judicial machinery to require a second evidentiary hearing by another court which exerts only concurrent jurisdiction.

Judgment affirmed.