STATE OF NEBRASKA, APPELLEE, V. CLARENCE E. ECKSTEIN, APPELLANT.

195 N. W. 2d 194

Filed March 10, 1972. No. 38244.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, Clarence E. Eckstein, an inmate of the Penal and Correctional Complex, was found guilty by a jury of unlawfully assaulting, threatening, and detaining two guards for the purpose of compelling or inducing the performance of an act by another person. The defendant was sentenced to the minimum term of 10 years as provided by section 28-743, R. R. S. 1943. The defendant's contention on appeal is that section 28-743, R. R. S. 1943, violates the equal protection clause of the Fourteenth Amendment and constitutes cruel and unusual punishment prohibited by the Eighth Amendment.

On September 1, 1970, the defendant, along with several other inmates of the maximum security unit in the Nebraska Penal and Correctional Complex, took and held two guards as hostages for approximately 21 hours for the purpose of exacting several demands from the prison administration. The substance of the evidence was that the defendant held a knife on the hostages and threatened them.

Section 28-743, R. R. S. 1943, provides: "Whoever, being an inmate of any jail or correctional or penal institution, shall assault, threaten, imprison, or detain any person for the purpose of compelling or inducing the performance of any act by such person, or by any other person, shall be guilty of a felony and shall, upon conviction thereof, be imprisoned in the Nebraska Penal and Correctional Complex for a term of not less than ten years nor more than fifty years. Such sentence shall commence upon the termination of the first or former sentence."

The defendant's argument seeks to equate this sec-

tion with general criminal statutes dealing with felonious assault or false imprisonment, which carry penalties of 2 to 15 years and 1 year respectively. On that basis, he urges that the statute here, which applies only to inmates of penal institutions, creates an unreasonable and arbitrary classification, and denies him the equal protection of the laws.

This argument was shot down by this court in State v. Holland, 183 Neb. 485, 161 N. W. 2d 862. That case involved a statute making a simple assault and battery committed by certain prisoners a felony punishable by not more than 5 years imprisonment. The identical offense committed by others was a misdemeanor punishable by imprisonment in the county jail for not more than 6 months. This court held that the classification of those prisoners for special treatment was reasonable and that the statute was not violative of constitutional clauses concerning unreasonable classification, equal protection, or due process.

The defendant's second contention rests on the Eighth Amendment. He contends that a 10 to 50 year sentence is cruel and unusual punishment in proportion to punishments for intrinsically the same type of crime by non-inmate citizens.

We point out that section 28-743, R. R. S. 1943, should be equated with the kidnapping statute, section 28-417, R. S. Supp., 1969, rather than with the felonious assault or false imprisonment statutes as the defendant attempts to do. As applied to the taking of hostages, the language of the kidnapping statute and that of the statute involved here are virtually identical when they define the required intent as being "for the purpose of compelling the performance of any act by such person or by any other person." The penalty for violation of the relevant portion of the kidnapping statute is 3 to 50 years imprisonment, while the penalty for violation of section 28-743, R. R. S. 1943, is 10 to 50 years.

The dangers to society, custodians, and prisoners

which are inherent in administration and control of penal institutions are by now well known to everyone. The legislative classification here was not arbitrary or unreasonable. "A State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment." Skinner v. Oklahoma, 316 U. S. 535, 62 S. Ct. 1110, 86 L. Ed. 1655.

The Holland case primarily involved distinctions as to the maximum periods of imprisonment while this case primarily involves distinctions in the minimum periods of imprisonment. Such differences do not destroy nor change the application of the principals involved. Eighth Amendment attacks, equally with those based on equal protection, must fall. State v. Holland, 183 Neb. 485, 161 N. W. 2d 862, is controlling on all issues here.

Section 28-743, R. R. S. 1943, is not violative of constitutional clauses concerning unreasonable classification and equal protection, nor does it violate the provisions of the Eighth Amendment prohibiting cruel and unusual punishments.

The judgment of the district court was correct and is affirmed.

AFFIRMED.