STATE OF NEBRASKA, APPELLEE, v. CHARLES E. McCLELLAND, APPELLANT.

199 N. W. 2d 11

Filed June 30, 1972. No. 38426.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.
The defendant, Charles E. McClelland, was found

guilty by a jury of unlawfully assaulting, threatening, and detaining two guards for the purpose of compelling or inducing the performance of an act by another person. § 28-743, R. R. S. 1943. The defendant appeals. We affirm the judgment and sentence of the district court.

This is a companion case to State v. Eckstein, *ante* p. 146, 195 N. W. 2d 194. The defendant and Eckstein, both inmates of the Nebraska Penal and Correctional Complex, were joint participants in the commission of the offense. The defendant here contends, as the defendant did in State v. Eckstein, *supra,* that the penalties provided by section 28-743, R. R. S. 1943, are in violation of the Eighth Amendment to the Constitution of the United States and are cruel and unusual. He also contends that section 28-743, R. R. S. 1943, is void for vagueness and providing for an unreasonable classification. These contentions were effectively disposed of in our opinion in State v. Eckstein, *supra,* and will not be repeated here. There is no merit to these contentions.

The defendant asserts that his motion for continuance should have been sustained. The record shows that the defendant was charged with the crime herein on September 28, 1970. His motion for continuance was filed on September 15, 1971. The grounds for the continuance are that the attorney for the defendant, who had already represented Eckstein, desired time so that he might obtain a record of the testimony of the witnesses at the Eckstein trial, who were to be the same witnesses who would testify against the defendant in the case at bar. The record in this case fails to show that the trial court abused its discretion in overruling his motion for continuance on this ground. The opportunity for preparation for trial is not unlimited, and there is nothing in the record to demonstrate any prejudice or an invasion of any right on the part of the defendant's counsel to prepare for possible impeachment of the prosecution's witnesses. An application for postponement of time of

trial of a criminal case is addressed to the sound discretion of the trial court and, in the absence of abuse of discretion disclosed by the record, a denial thereof is not error. State v. Peterson, 183 Neb. 826, 164 N. W. 2d 649; State v. Meadows, *ante* p. 287, 196 N. W. 2d 171. There is no merit to this contention.

The defendant also contends that he should have been granted a change of venue. A voir dire examination of the jurors in both the Eckstein case and this one demonstrates affirmatively that none of them knew the defendant and they had no recollection of the incident to the extent that it would interfere with their duties as jurors. No juror had a recollection of the names of any persons involved and in this case all of the jurors were specifically asked whether they knew the defendant, Charles E. McClelland, and each juror stated that he did not. The granting of a change of venue rests in the sound discretion of the court and there is no showing of an abuse of discretion in this respect. There is no error in the ruling. Argabright v. State, 62 Neb. 402, 87 N. W. 146; State v. Losieau, 174 Neb. 320, 117 N. W. 2d 775.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.