STATE OF NEBRASKA, APPELLEE, v. LYLE EDGAR NELSON, APPELLANT.
201 N. W. 2d 248

Filed October 13, 1972. No. 38499.

Lyle Edgar Nelson, pro se.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of cattle stealing. State v. Nelson, 182 Neb. 31, 152 N. W. 2d 10. In this proceeding for post conviction relief he alleged he was deprived of a constitutional right because "women were excluded from the jury panel" which convicted him. The defendant did not allege a systematic exclusion of women from the jury panel. The trial court denied relief on the ground that no objection had been made to the panel of prospective jurors at any time.

Ordinarily a challenge to the array must be made before trial. Davis v. State, 31 Neb. 247, 47 N. W. 854. The record indicates the question was not raised at any time in the prior proceeding although the defendant was represented by able counsel throughout the proceeding.

The Post Conviction Act was intended to provide a remedy where a miscarriage of justice may have occurred. It is not a substitute for appeal or a procedure to secure a routine review of a conviction. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

A defendant is not permitted to raise an issue concerning a search and seizure for the first time in a post conviction proceeding if the circumstances were fully known at the time of the trial. See State v. Losieau, 182 Neb. 367, 154 N. W. 2d 762. A similar rule should apply here. The defendant and his counsel may

have been well satisfied with the jury selected to hear the case. The defendant should not be allowed to speculate on the verdict and then challenge the selection of the panel after the verdict.

There is nothing which suggests that the defendant was prejudiced in any way by the fact that there were no women on the jury. Under the circumstances in this case, post conviction relief was properly denied.

The judgment is affirmed.

AFFIRMED.