STATE OF NEBRASKA, APPELLEE, v. GLENN E. HAIGH, APPELLANT.

202 N. W. 2d 593

Filed December 1, 1972. No. 38427.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant appeals from an indeterminate sentence of 15 to 18 years for the crime of rape, to which he pled guilty. The only issue presented to this court is whether or not the sentence is excessive.

The defendant was represented by counsel, the trial court made a detailed and exhaustive examination of the defendant to assure itself that the plea was voluntary, and no issue is raised in that respect. The presentence investigation was included in the record and was offered in evidence by the defendant himself.

The statutory penalty for rape has been recently increased (section 28-408, R. S. Supp., 1969), to not less than 3 nor more than 50 years' imprisonment.

The defendant is 24 years of age, above average in intelligence, and with an eleventh-grade education. Briefly, the record reveals a forcible rape upon a young girl involving not only forced intercourse, but forced copulation in perversions of the most hideous type, lasting over a considerable period of time. This incident was preceded earlier in the evening by an attempted assault, property damage, and attempted abduction of another woman. In the previous incident the defendant had stopped the girl by running into her vehicle several times, advising her that he was a police officer,

and attempting to enter her car. The indiscriminate use of violence is apparent over a long period of years in the defendant's conduct. He has served a sentence for burglary, the crime of assault and battery with intent to ravish, parole violation, and other conduct which can only be characterized as establishing that he is a dangerous person to society. In 1969 in Sarpy County, Nebraska, he was charged with rape, assault, and sodomy. He was sentenced to 6 months in jail. In this incident, he forced a woman and her three small children off the highway as she turned onto Interstate 80 from Highway 50 and forced the woman to commit an act of sodomy upon him and then raped her. During the period of time that he was serving the jail term in Sarpy County he was involved in an altercation and attacked an inmate, breaking his nose and jaw and fracturing his skull. A criminal charge is still pending on this matter in Sarpy County. At the time the present offense was committed, he had been involuntarily committed to the Lincoln Regional Center for treatment. He has not been released. A psychiatric examination is in the record by a doctor of the Lincoln Regional Center who states that his continued stay at the Lincoln Regional Center would be inappropriate and suggests that the defendant be returned to Sarpy County to complete the sentence he was serving at the time of his transfer to the Lincoln Regional Center. The official FBI report shows that from a period from December 31, 1964, through October 7, 1969, the defendant in various parts of the United States was charged with burglary; rape; assault and battery with intent to ravish; parole violation, assault and battery with intent to ravish; and rape, assault, battery, and sodomy.

The comprehensive presentence investigation report in this case stretches over 50 pages in length. It reveals a continuous succession of the most degrading conduct, interwoven with violence and with a complete disregard of the rights and well-being of the victims. The record

is barren of the slightest suggestion that the defendant is a fit person for or would be responsive to rehabilitative therapy. In summary, the record in this case demands and compels a judgment by a responsible court, in the interest of protecting society, to separate him from contact with possible victims. We observe that the trial court did, as a part of his sentence, require psychiatric examination and possible treatment during his incarceration.

The record in this case not only demonstrates a lack of an abuse of discretion by the trial court, but it may well be said, considering the maximum sentence of 50 years provided by law, that it was weighted on the lenient side. There is no merit to the defendant's contention.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.