STATE OF NEBRASKA, APPELLEE, v. JAMES R. NEWTON, APPELLANT.

225 N. W. 2d 562

Filed February 6, 1975.   No. 39608.

Tony L. Fugit, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a prosecution for the crime of statutory rape. The defendant was found guilty by a jury and sentenced to imprisonment for a term of 10 to 15 years. The defendant has appealed.

The victim here was a 16-year-old girl who lived in

LaVista, Sarpy County, Nebraska. On the evening of September 3, 1973, one Dorothy Lewis, who lived 2 or 3 blocks away, engaged the girl to babysit at the Lewis home that evening. When the girl arrived at the Lewis house at about 8 p.m., she assumed her babysitting duties, and Dorothy Lewis left her in the home in charge of the children. The evidence for the prosecution showed that the girl called her mother during the evening to advise her that she would be home around 11 p.m. At approximately 2:40 a.m., Dorothy Lewis returned home with the defendant and another man. The defendant told the girl he was to take her home and the girl left with him. Instead of taking her home, the defendant drove in the opposite direction and along a gravel road, where he stopped the car and by force and threats had intercourse with her. The defendant then drove to the victim's home.

Meanwhile, the girl's mother had awakened and discovered that the girl was not yet home. She waited until 2:50 a.m., and then called the Lewis residence. Dorothy Lewis told her that the defendant and her daughter had left earlier but they might have gone to a nearby restaurant for something to eat. The girl's mother called Ms. Lewis again almost immediately and obtained a description and the license number of the car. She awoke her husband and then called the local police department.

At approximately 3:05 a.m., the car drove up to the parents' house, and the girl was let out. She was screaming and hysterical. Her parents were outside. When she got out of the car the defendant immediately drove off. The girl's father followed in his car until he obtained the license number of the car. The arriving police noticed the two cars driving away. The police attempted to talk to the girl but she was not coherent. She was taken to the hospital. After administration of a tranquilizer for her hysteria, a doctor conducted an examination, confirmed the presence of spermatozoa,

and testified that there had been intercourse, probably within the preceding 6 hours.

The defendant testified on his own behalf and essentially denied the testimony of all the State's witnesses except to testify that he did drive the girl home from the Lewis residence, with a detour to get cigarettes for himself enroute. He denied that he made any advances toward her and denied that she was screaming or hysterical.

The jury found the defendant guilty after less than 2 hours deliberation. Motion for new trial was denied. Defendant was sentenced to not less than 10 nor more than 15 years imprisonment, and this appeal followed.

Defendant's primary assignment of error centers around the denial of a motion for continuance filed on March 6, 1974, the day set for trial. The continuance was sought to enable the defendant to locate Dorothy Lewis as a witness for the purpose of establishing that the defendant was not with the prosecutrix for a long enough time to commit rape.

The record shows that on November 9, 1973, the defendant and counsel were advised that the case would be set for trial on the next docket call. On December 21, 1973, the case was set for trial. The name of Dorothy Lewis with her LaVista address was endorsed on the complaint as a State's witness in September of 1973. A subpoena was issued for Dorothy Lewis at the instance of the prosecution on February 11, 1974. It was returned unsatisfied on February 19, 1974, with the information that she had moved from the LaVista address. The State had a subpoena issued on March 5, 1974, for an address in Omaha, Nebraska, which was also returned unsatisfied because she could not be found at that address. Neither the affidavit nor the motion for continuance stated where Dorothy Lewis could be found. The defendant had no knowledge as to her whereabouts and did not know where she could be located.

This court has repeatedly said that an application for

postponement of trial is addressed to the sound discretion of the trial court and an order denying it will not be disturbed on appeal unless there is a clear abuse of discretion. See State v. McClelland, 188 Neb. 699, 199 N. W. 2d 11. A motion to continue a trial indefinitely until a witness can be found where there is no information as to the witness' whereabouts nor any showing that either the witness' personal attendance or testimony will probably be obtained is almost frivolous under the circumstances here. See, Kennedy v. State, 171 Neb. 160, 105 N. W. 2d 710; Hubbard v. State, 65 Neb. 805, 91 N. W. 869. The trial court's denial of the motion for continuance was clearly correct. There was adequate time for preparation for trial and adequate time to locate and subpoena any desired witnesses.

The defendant also complains that an inquiry by the trial court in chambers in the presence of counsel, as to how old the defendant was, improperly called attention to a material element of the crime that had not been established at that time in the trial. A motion for mistrial on that ground was overruled.

The trial judge's duty is to endeavor to do justice to both the State and to the defense. Inquiries of the kind made here, even if made in open court, could only be reasonably construed as carrying out the proper judicial function of the trial judge. See, Eager v. State, 205 Tenn. 156, 325 S. W. 2d 815; State v. Bird, 358 Mo. 284, 214 S. W. 2d 38; People v. Franceschini, 20 Ill. 2d 126, 169 N. E. 2d 244. The inquiry in the case at bar was an incidental question in chambers. It could not possibly have resulted in prejudice to the defendant. Defendant's argument is wholly unsupportable.

Finally, the defendant complains that his sentence was excessive. The potential sentence for the crime of which the defendant stands convicted was 3 to 50 years. The defendant had been convicted of felonies on at least two previous occasions, and had an extensive criminal record involving both felonies and misdemeanors. The evidence

here would have fully supported a conviction for forcible rape. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Haigh, 189 Neb. 316, 202 N. W. 2d 593. There was no abuse of discretion here.

The judgment is affirmed.

AFFIRMED.