STATE OF NEBRASKA, APPELLEE, V. ENOCH ROBINSON,
APPELLANT.
230 N. W. 2d 222
Filed June 12, 1975. No. 39692.

John W. McClellan, Jr., for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a post conviction action. The defendant, Enoch Robinson, was found guilty of first degree murder on March 24, 1969, and sentenced to life imprisonment. This post conviction proceeding to set aside the judgment and sentence was filed on December 26, 1973. On May 3, 1974, after numerous hearings and extensive testimony, the District Court for Thurston County overruled defendant's motion to vacate judgment and sentence, and this appeal followed.

Defendant's original conviction was affirmed by this court on direct appeal. State v. Robinson, 185 Neb. 64, 173 N. W. 2d 443. Various challenges to that conviction in both state and federal courts were unsuccessful. The current post conviction challenge is made in three principal areas. The defendant first asserts that the prosecution deliberately suppressed certain FBI reports and did not give them to the defendant's counsel. The evidence wholly fails to establish that contention. In fact, the uncontradicted evidence of both the sheriff and the county attorney who tried the case was that these reports were made available to defendant's counsel at

the time of trial. In a post conviction case the burden is upon the petitioner to show a basis for relief. State v. Rapp, 186 Neb. 785, 186 N. W. 2d 482. The defendant failed to sustain the required burden of proof on this issue.

The defendant, an Indian, asserts as the next primary contention that Indians were systematically excluded from defendant's jury. That contention rests on the fact that six additional talesmen were summoned by telephone in this case. Evidence was introduced that Indians in Thurston County do not have telephones. None of the talesmen summoned were Indians. There is no showing in the record, however, of any pretrial challenge to the method of selecting the jury, nor to the jury array, nor to the jury as drawn. The defendant made no objection at the time nor is any complaint made now against the character or the conduct of the jurors summoned as talesmen. Where no objection or complaint was made at time of trial against the method of selection or character or conduct of talesmen summoned to fill the jury panel, allegations of error will not be considered on appeal in the absence of a showing of prejudice. See, Pribyl v. State, 165 Neb. 691, 87 N. W. 2d 201; State v. Nelson, 189 Neb. 144, 201 N. W. 2d 248.

Finally, the defendant alleges that his trial counsel was incompetent. Evidence on this issue rests almost entirely upon the testimony of some persons that defendant's trial counsel did not personally interview them prior to defendant's original trial. The defendant also testified that his counsel conferred with him on only a few occasions for a comparatively brief time prior to trial. Defendant's testimony is substantially contradicted by his own letter to his trial counsel commending and thanking him for his effective performance. That trial counsel is now deceased and unable to defend himself. The court was entitled to take judicial notice of the very considerable experience in criminal trial work and the recognized accomplishments of the trial counsel involved

in this case. The record of the original trial, as well as the present record, establishes that trial counsel here performed at least as well as a lawyer with ordinary training and skill in the criminal law, and conscientiously protected the interests of his client. See State v. Nokes, 192 Neb. 844, 224 N. W. 2d 776.

The District Court properly overruled the motion to vacate judgment and sentence and the judgment is affirmed.

AFFIRMED.