STATE OF NEBRASKA, APPELLEE, v. VERNON DALE PETERSON, APPELLANT.

164 N. W. 2d 649

Filed February 7, 1969. No. 36857.

Francis A. McLane, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

WHITE, C. J.

The defendant and one Billy Schnoor were charged with assault and battery and were arrested on July 3, 1967. On July 21, 1967, after a motion for a continuance was denied, the trials of both parties were consolidated. Upon pleas of not guilty, trial was had to the county judge who found both parties guilty and sentenced each to 60 days in jail. Their appeals were subsequently dismissed because of defective appeal bonds. No issue is presented on this appeal in that respect. This is an appeal from a denial of relief sought on a petition in error from the county court to the district court based upon the grounds that, first, the defendant was effectively denied the assistance of counsel because the court failed to grant a continuance so that he could procure counsel, and second, that the defendant was not advised of his right to trial by jury.

The defendant in this case seeks to support the issue of the denial of the constitutional right to counsel by

contending that the order of the county judge denying a continuance effectively denied him counsel. Ordinarily, the denial of a continuance could only be asserted by means of a direct appeal and not by error proceeding. Other than contending that he was not given sufficient time to procure counsel, no issue is presented in this case that the defendant was denied the right to counsel; that he was not advised of his right to counsel; or that he was entitled to counsel at the State's expense. The issue is simply that his fundamental constitutional right to counsel to represent him in court in any proceedings, civil or criminal, was effectively denied by the county court's overruling his motion for continuance.

Prior to the trial, the county judge received a call from the wife of the defendant who requested a continuance because the defendants were working in Lincoln so that they could get enough money to hire a lawyer. The county judge told Mrs. Peterson that this matter should be discussed with the deputy county attorney. Several hours later, both defendants appeared for trial, on July 21, 1967, and at that time the matter of continuance was again discussed. The county attorney objected to the continuance on the ground that the defendants had been free to secure counsel; that ample time had elapsed; and that the case having been set for trial, witnesses were subpoenaed and were present and ready to testify. The record demonstrates that the court gave consideration to this request and heard all parties concerned. The motion for continuance was denied.

The granting of a continuance is a matter within the sound discretion of the trial court. "An application for postponement of time of trial of a criminal case is addressed to the sound discretion of the trial court and, in the absence of abuse of discretion disclosed by the record, a denial thereof is not error." Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698. Every person accused is entitled to an opportunity to prepare for trial, but the opportunity

is not unlimited. With regard to consulting counsel, this court said in State v. Ninneman, 179 Neb. 729, 140 N. W. 2d 5: "Defendant in any criminal prosecution must be given a reasonable opportunity to employ and consult with counsel; * * *."

From the record herein it cannot be said that the trial judge abused his discretion in denying the requested continuance so that defendant might employ counsel. This is a misdemeanor charge. The record shows that the defendant was arrested on July 3, 1967, and knew at that time that the case was set for trial on July 21, 1967. Both defendants were free on bond in the intervening period of time. Their request for continuance was not made until the time of the appearance for trial on July 21, 1967. During this 18-day period, defendant was free, and the record shows no reason why 18 days were not reasonable time to employ and consult with counsel. There is nothing in the record to suggest, by affidavit or otherwise, that they were unable to employ counsel; that counsel had been consulted by the defendants and had refused to represent them for any reason; or that at any time they did not have full knowledge of their rights or in any way were prevailed upon by the county attorney or by the court. The court must balance the considerations of the right to a reasonable opportunity to prepare for trial and to consult counsel, with the necessity for the orderly and prompt disposition of cases in the ordinary course of the administration of justice, and must be mindful that such rights may be exercised to subvert the orderly processes of justice by the disappearance of witnesses and other considerations not necessary to discuss here. All the authorities agree that these matters are addressed to the sound discretion of the trial judge when raised with relation to the granting of a motion for continuance. The record here is entirely devoid of a showing of an abuse of discretion by the county judge. This contention is without merit.

Defendant also complains that he was not advised of his right to a jury trial. Every defendant charged with a criminal offense is not entitled to a jury trial. State v. Hauser, 137 Neb. 138, 288 N. W. 518. There is no federal constitutional right to a jury trial in misdemeanor cases such as the present case. Cheff v. Schnackenberg, 384 U. S. 373, 86 S. Ct. 1523, 16 L. Ed. 2d 629; Dyke v. Taylor Implement Mfg. Co., Inc., 391 U. S. 216, 88 S. Ct. 1472, 20 L. Ed. 2d 538; Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491. There being no constitutional right to a jury trial, defendant's contention in this respect is without merit.

The judgment of the district court is correct and is affirmed.

AFFIRMED.