STATE OF NEBRASKA, APPELLEE, v. DON L. MEADOWS,
APPELLANT.

196 N. W. 2d 171

Filed April 7, 1972. No. 38254.

Thomas H. DeLay and Deutsch & Hagen, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Appellant, Don L. Meadows, was convicted and sen-

tenced for assault with intent to inflict great bodily harm and carrying concealed weapons. Appellant contended he was actually assaulted by the arresting officer, Robert G. Block, of the Plainview police department, and any resistance he made was in defense of his person. We affirm.

Appellant had several brushes with Block on occasions prior to March 20, 1971, when the present offenses were committed. Block testified that about 2 a.m. on the day in question he drove past appellant's home. A block past the home he noticed headlights coming behind him. He speeded up and the other vehicle did likewise. Block recognized appellant's automobile. When Block approached the main highway he saw a state trooper and blinked his lights to attract the trooper's attention. When he reached the highway he slammed on his brakes and ran back to the appellant's car. Block testified that the appellant raised a shotgun and said " 'You are all done,' " or " 'This is all for you.' " Block grabbed the barrel of the shotgun; drew his own gun, a .45-caliber pistol; fired a shot in the air; and then hit the appellant on the head with the gun. The trooper arrived after the shot. They subdued appellant and searched him. They discovered two bayonets in the pockets of his field jacket. Neither of these bayonets was visible before the search. Appellant's shotgun was loaded with 12-gauge slugs.

Appellant testified that when he was stopped, Block said " 'You're not going to follow me tonight,' " then flipped the latch on his pistol, grabbed the barrel of a shotgun which appellant was attempting to push down under the front dash, hit the appellant across the side of the head with the .45, fired a round into the air, then placed the muzzle of the .45 into appellant's throat and stated, " 'You move, you * * *, and I'll shoot you.' "

The trooper testified that he heard the gun shot; came to the scene where officer Block and the defendant were stopped; drew his pistol; ordered appellant out of his

car; frisked him; and found two bayonets in the coat pockets of the field jacket worn by appellant. Appellant was then arrested and charged with assault with intent to inflict great bodily harm and carrying concealed weapons.

Appellant in the cross-examination of Block developed the fact that Block had stopped appellant on three occasions prior to March 20, 1971. On redirect examination it was revealed that two of these encounters with appellant had resulted in arrests and convictions for misdemeanors. Appellant testified that he had been harassed and followed by Block on a number of occasions including December 14, 1970, January 1, 1971, and January 10, 1971. He testified that on the first occasion Block pointed a carbine at him when checking his driver's license; that Block would stop by the appellant's home and follow him; that he was in fear of Block; and on the morning of March 20, 1971, he was assaulted by officer Block.

Appellant alleges 11 assignments of error but does not discuss some of them in his brief. We refer only to those we deem merit discussion.

Appellant complains of the overruling of his motion for a continuance. This was made because the appellant was appealing the two misdemeanor convictions to the district court. These convictions arose out of encounters previously mentioned. This court has repeatedly stated that the granting of a continuance is a matter within the sound discretion of the trial judge and a denial of a motion for a continuance will not be disturbed in the absence of an abuse of discretion. See State v. Peterson, 183 Neb. 826, 164 N. W. 2d 649. The disposition of the misdemeanor charges was not material to the question of defendant's guilt or innocence. The State could not have introduced those convictions in the first instance for any purpose. The trial court did not abuse its discretion in overruling the motion for continuance.

Appellant argues that the court erred in overruling his objection to Block's testimony on redirect examination as to the misdemeanor convictions. Appellant in his cross-examination of Block opened up the subject in developing his defense of harassment. The issue for the prosecution then became whether on these prior occasions the officer had reasonable cause to believe appellant had violated the law. Even the dismissal of the convictions in the district court would not necessarily suggest that the officer did not have reasonable cause to believe that appellant had violated the law. The testimony complained of is as follows: "Q Was he arrested that time also? A Yes, sir. Q Have either one of those cases, has the trial been held on them? A Yes, sir. Q What was the outcome of them? MR. DELAY: I object to the question, incompetent, irrelevant, immaterial, calling for incompetent evidence. THE COURT: Overruled, you may answer. A Found guilty. Q (By Mr. Webster) On both occasions? A Yes, sir. Q What Court was that in? A County. Q In Pierce County? A Yes. MR. WEBSTER: That's all."

The problem concerning the admissibility of evidence of other offenses is a special aspect of the broad general problem of relevancy, and generally the test of admissibility of such evidence is whether the evidence is relevant and material to any issue on the trial, or whether it fairly tends to prove the particular offense charged or an essential element thereof. Here, the evidence could only be received for the purpose of indicating that Block had reasonable grounds for stopping the appellant and did not do so merely for the purposes of harassment. It was appellant and not the prosecution who injected the issues of the December 14, 1970, and January 1 and January 10, 1971, incidents into the case.

In the context in which this case was tried, no one could consider appellant's guilt or innocence of the offenses as having a bearing on his propensity or disposi-

tion to commit the crimes of assault and carrying concealed weapons. The real question in connection with these other occasions was whether Block had harassed the appellant to the point that appellant was put in fear of his life and believed it necessary to carry weapons for his own defense. In this context we find the evidence was admissible on the issue of harassment.

There is no question in our minds as to appellant's guilt. The evidence is undisputed that he was following Block's car at 2 o'clock in the morning, without any reasonable explanation for being on the streets of Plainview at that hour. Nor is there any reasonable explanation why appellant had a loaded shotgun in his car and two bayonets in the pockets of his field jacket. Appellant testified the gun and the bayonets were not in his car earlier in the evening. He put them there at approximately 1:30 that morning. The most plausible inference is that he was looking forward to a showdown with Block.

The last assignment we consider is appellant's complaint on the refusal of the trial judge to permit him to testify about an encounter with Block some 7 weeks after the incidents involved herein. This assignment is without merit. The reason the court permitted testimony about the previous encounters was that appellant was trying to convince the jury he was acting in self defense, and, because of the previous incidents, he had reason to be afraid of Block. Such justification is entirely lacking with respect to any incident taking place after the incidents resulting in the present criminal charges. This subsequent episode could have no relevance to the crimes of which appellant was convicted, and the objection to such evidence was properly sustained.

For the reasons given, the judgment is affirmed.

AFFIRMED.

CLINTON, J., concurring.

I concur in the result only. The majority opinion

might be taken to approve the proof of convictions of crime by oral and hearsay testimony. I do not believe it should be so construed. Records of conviction may be proved only by the records themselves with proper foundation or certified copies as provided by statute. However, here there was no prejudicial error because the convictions were involved only collaterally (see Mc-Cormick on Evidence, § 200, p. 412), and because the appellant was later permitted to show, also by oral evidence, that the convictions were not final and were then pending on appeal.

The majority opinion speaks of the appellant's "defense" of harassment as related to the incidents of December 14, 1970, and January 1 and January 10, 1971. There was nothing in the incidents of those dates which would have justified the appellant in arming himself to the teeth and following Block. Likewise there was nothing in those incidents which would justify Block in harassing the appellant. Block's justification for stopping appellant on March 20 arose out of hearsay reports that appellant was out to get him. Apparently the reports had some foundation.

It seems apparent that both parties introduced evidence of the incidents of December 14, January 1, and January 10 for the purpose of supporting *the truth* of their respective versions of the alleged assaults of March 20, 1971, and for the purpose of attacking the emotional stability of the other. For the most part evidence of what was said and done on the prior occasions were simply self-serving declarations on behalf of each. While the incidents were relevant on the issue of truth telling, I seriously doubt they were competent and admissible for that purpose. For this reason the trial court was correct in keeping out the evidence of the subsequent incident. It too was designed only to support the appellant's version of the truth of the incident of March 20. Had proper objection been made the trial court would probably have kept out most of the extraneous

incidents save that pertaining to other threats which were claimed to have been made by the appellant.

McCown, J., dissenting.

The majority opinion approves the admission of oral testimony by a witness that defendant had been found guilty of other completely separate misdemeanors. The action is justified upon the ground that one of the defenses here was based on a claim of prior harassment by the arresting officer in the misdemeanor cases. The officer was also the intended victim of the assault here. He was also the witness who testified to the prior convictions. Apparently this method of establishing conviction of another crime by oral testimony was approved on the theory that it established the officer's reasonable cause to believe that the defendant was guilty of the misdemeanors.

As a general rule, evidence of other crimes than that with which the accused is charged is not admissible in a criminal prosecution. See State v. Casados, *ante* p. 91, 195 N. W. 2d 210. Section 25-1214, R. R. S. 1943, provides: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof." Even in the case of a felony, the court is required to instruct that evidence of previous convictions can be considered only as affecting credibility. See Vanderpool v. State, 115 Neb. 94, 211 N. W. 605. NJI No. 14.62 is specifically to that effect. Neither that instruction nor anything similar to it was given here. It seems strange indeed, where a statute requires that proof of a felony conviction is only competent by establishing "the record thereof," that conviction of a misdemeanor which generally is not even admissible at all may be established by the hearsay testimony of an arresting officer.

While it may be true that the involvement of the misdemeanors was only collateral here, it is impossible to determine that there was no prejudicial error. The majority opinion as to evidence of other convictions

might be compared to establishing a new medical classification of partial pregnancy which is then declared not to be pregnancy because it is only termed partial. No such assumption should be indulged here.