STATE OF NEBRASKA, APPELLEE, v. NATHANIEL JOHNSON, APPELLANT.

216 N. W. 2d 517

Filed March 21, 1974. No. 39233.

Gallup & Matejka, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

WHITE, C. J.

In this prosecution for unlawfully providing facilities for gambling under an Omaha city ordinance the defendant appeals, asserting that the evidence is insufficient to sustain a conviction; that he was entitled to a jury trial; and that he should have been granted a change of venue. The defendant received a jail sentence of 100 days and a fine of $500. We affirm the judgment and sentence of the District Court.

The defendant was shown by the State's evidence as the owner-manager of the establishment at 2725 Q Street, known as the "Club 500" in the City of Omaha, Nebraska. This was a two-room club with the front room having restaurant facilities and a pool table and the second room containing another pool table. At the time of the arrest of the defendant, he was standing just inside the doorway of the second room facing the pool table he admitted owning. The pool table had rags stuffed in the corners and a green felt cloth covering it. There were approximately 6 males around the table who were shooting dice. One of the six parties had in his possession $49 in cash and a pair of red dice in the other hand. Five one-dollar bills were lying

on the pool table which none of the parties claimed as their property. The essence of the charge is that the defendant provided gambling facilities. The defendant seems to rely upon State v. Wallen, 185 Neb. 44, 173 N. W. 2d 372, which holds that a conviction may not be sustained on the basis of mere possession of gambling devices. What we have said in the very brief review of the evidence leaves no doubt but that a trier of fact could come to the conclusion that the defendant here was providing gambling facilities and that they were being used. There was much more than mere "possession." There is no merit to this contention.

Under the city ordinance applicable, the maximum possible exposure to imprisonment of the defendant was 6 months. It was not required that he have a jury trial under the United States Constitution. Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491, recently reaffirmed in Baldwin v. New York, 399 U. S. 66, 90 S. Ct. 1886, 26 L. Ed. 2d 437. The Nebraska statute, section 24-536, R. S. Supp., 1972, excludes criminal offenses of the nature involved in this case from the availability of a jury trial. In State v. Amick, 173 Neb. 770, 114 N. W. 2d 893, we held that: "It is within the power of the Legislature to provide that the trial of petty offenses in violation of a city or village ordinance shall be triable without a jury when Article I, section 6 of the Constitution is not violated. * * *." See, also, State v. Peterson, 183 Neb. 826, 164 N. W. 2d 649.

The defendant appears to contend that he was entitled to a "change of venue." Trial here was to the court without a jury. The defendant complains of prejudice because of a newspaper article which appeared in a local Omaha paper. What the defendant is really asserting is that the judge was disqualified in the case because of this fact. The assertion is tantamount to asserting that all the 12 District Judges in the District Court for

Douglas County would be disqualified because of an editorial appearing in a newspaper. There is no showing of an abuse of discretion by the trial judge in this particular case. There is obviously no merit to this contention.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.