### State of Vermont v. Emerson C. Lathe, Sr.

[326 A.2d 147]

No. 132-72

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 15, 1974

632

*Dale O. Gray*, State's Attorney, for the State.

*Emerson C. Lathe, Sr., pro se.*

**Smith, J.** The defendant was arrested by special police officers for the Town of Hardwick and was charged with driving to endanger and with failure to stop for a police officer. He appeared in district court and, claiming indigency, sought appointed counsel. This request was denied after defendant filled out a State indigency form which revealed that he owned 2.5 acres of land with a house on it and a mortgaged 1962 automobile. The case proceeded to trial before the court, defendant representing himself, and resulted in a determination of guilt on both charges. Defendant appealed to this Court, and, when his request for assigned appellate counsel was denied here, argued his case *pro se*. The appeal raises several issues, among them the question of whether this Court and the court below erred in determining that defendant was not entitled to assigned counsel. Because of our disposition of this issue, we do not consider it necessary or appropriate to address ourselves at this time to the other contentions raised.

The record on appeal discloses little which is of assistance to us. Included therein is the aforementioned application form and a letter from the trial judge to this Court, requested for assistance in our determination of defendant's right to assigned counsel on appeal, which indicates that counsel was denied below because defendant "owns property far in excess of the qualifications for assigned counsel". There

is no indication that any further inquiry was made into the financial status of defendant beyond an examination of this form, and we must assume for the purposes of this appeal that appointed counsel was denied solely on this basis. The court below made no findings of fact other than the ultimate determination that defendant simply failed to qualify. This procedure we cannot endorse. Regrettably, this Court followed a similar course in denying assigned counsel on appeal. We take this occasion to remedy this compounded mistake and hopefully to preclude its reoccurrence in other cases.

Under 13 V.S.A. § 5236 a court, in considering whether a person is entitled to be represented by an attorney at public expense, *"may* consider such factors as income, property owned, outstanding obligations, and the number and ages of his dependents." (Emphasis added.) Yet the forms which defendant filled out in the instant case provide no section under which an applicant can reveal the extent of his outstanding obligations or the number or ages of his dependents. In short, they permit the telling of only part of the story.

We are dealing here with an important constitutional right; the assistance of counsel is often essential to the very existence of a fair trial. Our concern is that each case be given the careful consideration commensurate with the right at stake. We must conclude, therefore, that the permissive language of the applicable statute does not go far enough and that the forms employed in the instant case certainly did not ask enough. The requisite care must be more affirmatively commanded and more precisely defined. Newer and more comprehensive forms, probing all of the factors to which the statute speaks, have been promulgated and were, in fact, available when defendant's applications were under consideration. Hopefully, they are now in use in all courts throughout the State; if not, all courts have the responsibility of their immediate implementation.

Use of these more comprehensive forms will, of course, go a long way towards ensuring the type of careful consideration demanded. Courts must remain cognizant, however, that this may not always be enough; there may often be cir-

cumstances where it will be necessary to go beyond the bare facts stated on paper to fairly determine the merits of a particular case. The forms, therefore, should be utilized as a means of facilitating a more searching interview by the court. Finally, it is absolutely essential to fairness and to any meaningful form of appellate review that specific findings of fact be entered to support a denial of assigned counsel.

*For the reasons stated above we hold that defendant was denied assigned counsel below in a manner which was procedurally deficient. This case is therefore remanded to the court below with instructions to undertake a determination of defendant's right to counsel in a manner consistent with this opinion. Should that court determine that defendant was entitled to counsel, then the judgment is reversed and a new trial is ordered. Should the court conclude again that defendant was not entitled to counsel, it is instructed to enter specific findings of fact and certify them to us so that we may dispose of this appeal on the merits.*