**Wilbert HALES, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted June 9, 1975.

Decided Aug. 25, 1975.

Richard M. Baumeister, Asst. Public Defender, for defendant below, appellant.

John X. Denney, Jr., Deputy Atty. Gen., for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this appeal from a life sentence ordered by the Superior Court under the Habitual Criminal Statute, 11 Del.C. § 3911(b) (now § 4214), defendant argues that the State failed to prove that he had counsel or that he waived his right to counsel in two prior felony convictions.

I

Defendant was convicted of a third felony (armed robbery) in 1973 and the statutory sentence for that offense was increased to incarceration for life. The parties assume, as do we, that all felonies involved are of the kind specifically named in the Statute.

11 Del.C. § 3911(b) provides:

"Any person who has been 2 times convicted of a felony hereinafter specifically named, under the laws of this State, and/or any other State, the United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony, hereinafter specifically named, of this State is declared to be an habitual criminal, and the Court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted, . . . ."

The State tacitly concedes that defendant may collaterally attack the convictions on which it relies to support the sentence under the statute. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); cf. *State v. McCall,* 14 N.J. 538, 103 A.2d 376 (1954). And it agrees that *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), applies retroactively and under its mandate an indigent defendant was entitled to counsel in 1960 and 1964 felony prosecutions.

There was not an evidentiary hearing in the Superior Court; the attack on the sentence was made under a Rule 35(a) motion seeking a post-conviction remedy and this appeal followed from denial of that motion. Defendant did not make any record of any kind in support of his motion.

II

The first conviction on which the State relies was entered in Delaware in 1960 under an indictment for robbery. After defendant pleaded guilty, he was sentenced on June 8, 1960 to a term of five years in prison. The docket sheet in the Prothonotary's Office, under an entry dated April 22, 1960, states:

"Arraigned–Enter–Plea
Guilty–Capias Dismissed
Counsel Offered & Declined"

And the presentence report, which is part of the record, contains the following:

"*Attorney*: Represented by: Counsel Offered & Declined."

■ The State is not obliged to provide counsel for every defendant accused of crime. Under *Gideon* and its progeny the State's constitutional duty is to provide an attorney for an indigent defendant, that is, for a defendant who cannot afford to retain his own lawyer. See *Mitchell v. United States,* 5 Cir., 482 F.2d 289 (1973). And in this proceeding to establish his right to appointed counsel in 1960, defendant has the burden of proving his inability at that time to hire an attorney. *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28

L.Ed.2d 519 (1971); *Mitchell v. United States*, supra; *Goodwin v. Smith*, 5 Cir. 439 F.2d 1180 (1971).

 Presuming waiver of counsel from a silent record is impermissible, *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), but here we examine a record which is neither silent nor ambiguous. On the contrary, it states in two key places, by a docket entry at arraignment and on the presentence report, that counsel was offered and declined.

Under these circumstances we conclude that the State has met its *Gideon* burden, at least in the absence of any showing by defendant of indigency or any challenge of any kind to the accuracy of the court records.

 The second conviction upon which the States relies was for robbery and other charges of which defendant was convicted in Pennsylvania in 1964. Defendant argues that the record does not show that he had counsel when he entered guilty pleas to those charges. But the transcript of the proceedings shows that on June 1, 1964 this defendant was represented by Richard L. Raymond, Esquire, when he was arraigned on three indictments to which he entered not-guilty pleas. The cases were then marked for trial on June 16 and the record shows that on that day, fifteen days after arraignment, defendant appeared before the same judge, represented by the same attorney. At that time the Assistant District Attorney for the Commonwealth stated that "the other defendant now is about to plead guilty." Since the co-defendant (one Dixon) had pleaded guilty on June 1, the only reasonable inference from the transcript is that this defendant entered his plea of guilty with his counsel present during that hearing. Indeed, at the same hearing, his counsel made a "statement on behalf of Mr. Hales" and the Court then imposed sentence. In sum, the record shows that the requirements of *Gideon* were met during the 1964 Pennsylvania felony proceedings.

\* \* \* \* \* \*

Affirmed.