Thomas F. STACEY, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Submitted April 14, 1976.

Decided April 26, 1976.

George C. Hering, III, and David H. Williams, of Morris, James, Hitchens & Williams, Wilmington, for defendant-appellant.

Charles M. Oberly, III, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

PER CURIAM.

In this appeal from sentences for felony-theft, 11 Del.C. § 841, and conspiracy in the second degree, 11 Del.C. § 512, the sole issue is whether defendan was entitled to the assistance of counsel at trial. Defendant conducted his own defense before the jury and, after convictions were returned, he was sentenced to five years in prison.[1] He docketed his own appeal and we appointed counsel for him.

The State argues that defendant was not indigent and, therefore, was not entitled to counsel at public expense.[2] We

1. A co-defendant pleaded guilty, testified against defendant and was placed on probation for two years; he was also fined $300 and ordered to pay a ten percent surcharge to the Victim Compensation Fund, 11 Del.C. § 9012.

2. The State argues also that the right-to-counsel issue was not raised in the Superior Court and that, in any event, defendant's remedy is through a Rule 35(a) motion for post-conviction relief. In our view of the case, neither argument is persuasive: when indigency is shown, the right to counsel in defending a felony charge is constitutional and any failure to provide such assistance is plain error.

agree that this is the critical issue, but a record was not made below as to indigency or non-indigency nor did the Court make an appropriate finding.

■ Presuming waiver of a right to counsel from a silent record is impermissible, *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Hales v. State,* Del.Supr., 344 A.2d 229 (1975), and, in our view, it is equally impermissible to presume non-entitlement to counsel from such a record. Defendant has the burden of establishing his right to counsel, *Hales v. State* supra, but before proceeding to trial on a felony charge which may result in a prison sentence, the Trial Court has a duty to make a determination as to indigency, just as it must do on a waiver issue. And that requires an appropriate record.

■ Since a determination as to indigency was not made, the case will be remanded to the Superior Court for proceedings consistent herewith and report to this Court within sixty days. If the Trial Court finds that defendant was not indigent and thus not entitled to appointed counsel, the Court must also determine whether defendant had a reasonable opportunity to retain private counsel.

*Jurisdiction is reserved.*