STATE OF NEBRASKA, APPELLEE, V.
MIGUEL V. FLORES, APPELLANT.

307 N.W.2d 523

Filed June 26, 1981. No. 43965.

William H. Mecham for appellant.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, and Richard M. Jones for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

BOSLAUGH, J.

The defendant appeals from a judgment of the District Court affirming his conviction for damage to property in violation of a municipal ordinance of the city

of Omaha, § 20-158. The maximum penalty under the ordinance was a fine of $500 and 6 months' imprisonment.

The defendant was arraigned on September 10, 1980, and trial was set for September 24, 1980. A written demand for a jury trial was filed on September 16, 1980. It was denied on September 17, 1980. A trial to the court resulted in defendant's conviction. He was fined $350 and sentenced to 30 days in the county jail. The assignments of error relate to the denial of his demand for a jury trial.

The statute providing for jury trials in the municipal court excepts "criminal cases arising under city or village ordinances." Neb. Rev. Stat. § 24-536 (Reissue 1979). In a prosecution under a similar municipal ordinance, we stated: "Under the city ordinance applicable, the maximum possible exposure to imprisonment of the defendant was 6 months. It was not required that he have a jury trial under the United States Constitution. Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491, recently reaffirmed in Baldwin v. New York, 399 U.S. 66, 90 S. Ct. 1886, 26 L. Ed. 2d 437. The Nebraska statute, section 24-536, R.S. Supp., 1972, excludes criminal offenses of the nature involved in this case from the availability of a jury trial. In State v. Amick, 173 Neb. 770, 114 N.W.2d 893, we held that: 'It is within the power of the Legislature to provide that the trial of petty offenses in violation of a city or village ordinance shall be triable without a jury when Article I, section 6 of the Constitution is not violated. * * *.' See, also, State v. Peterson, 183 Neb. 826, 164 N.W.2d 649." *State v. Johnson*, 191 Neb. 535, 537, 216 N.W.2d 517, 519 (1974).

The defendant in this case had no constitutional or statutory right to a jury trial.

The judgment of the District Court is affirmed.

AFFIRMED.