Beresford K. POTTER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: June 21, 1988.
Decided: July 29, 1988.

Anthony A. Figliola, Jr., Wilmington, on behalf of appellant.

Richard E. Fairbanks, Jr., and Loren C. Meyers, Deputy Attys. Gen., Wilmington, on behalf of appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

Following a jury trial in August 1986 in the Superior Court, the defendant-appellant, Beresford K. Potter ("Potter"), was convicted of two counts of Delivery of Cocaine, Possession of Cocaine, Maintaining a Dwelling for Distribution of Controlled Substances, and Possession of Drug Paraphernalia. The jury found Potter not guilty of one count of Conspiracy Second Degree. Potter represented himself at his

trial. Potter has appealed those convictions to this Court.[1] The primary issue in this appeal is Potter's contention that the trial court erred as a matter of law when it concluded that Potter was not indigent at the time of his trial and, therefore, not entitled to be represented by counsel at public expense.[2]

This Court's initial review in this case led it to conclude that the trial court erred in not holding a hearing on the record prior to making its determination that Potter was not indigent at the time of his trial. Therefore, this Court remanded the case to the Superior Court for an evidentiary hearing on the issue of Potter's indigency at the time of his trial.

We now find that there has not been adequate inquiry into the question of Potter's financial ability in August 1986 to retain counsel. We also find that even if Potter was not indigent, an inquiry must be made into the appropriateness of appointing counsel for Potter if he was unable to obtain an attorney. Super.Ct.Crim.R. 44. Therefore, we reverse the finding of nonindigency and remand this case to the Superior Court for further consideration.

*Facts*

Potter was arrested on December 19, 1985, and was indicted the following month. He appeared at his arraignment on March 12, 1986, without counsel. Potter advised the Superior Court that he hoped to retain a private attorney with the financial assistance of his family.

Potter subsequently made arrangements to be represented by a private attorney. The private attorney's fee was to be $2,000. The attorney entered his appearance on Potter's behalf after being paid a $500 retainer by Potter's mother. Thereafter, Potter and his retained counsel encountered irreconcilable differences which were unrelated to the financial arrangements that had been made for Potter's representation. The private attorney was permitted to withdraw from the case, with Potter's consent, by the Superior Court on June 23, 1986.

Potter appeared at the call of the criminal calendar in the Superior Court on July 9, 1986, without an attorney. He was advised by the judge to obtain counsel and return to the Superior Court for trial on July 14, 1986. Potter again appeared in the Superior Court on July 14, 1986, without an attorney, and was advised to consult with the Office of the Public Defender. Potter was also told by the presiding judge that his trial would proceed on August 11, 1986, whether or not he had secured representation.

Potter contacted three private attorneys. The fees which were quoted to Potter by the private attorneys ranged between $3,000 and $4,000. The private attorneys each requested a retainer. One of the requested retainers was $1,500. On August 8, 1986, Potter went to the Office of the Public Defender. The record reflects that Potter told the Public Defender's Office that he tried to retain three private attorneys but that they were too expensive. Potter requested that the Public Defender's Office assign an attorney to represent him.

In accordance with its procedures, the Public Defender's Office conducted an interview to determine Potter's eligibility for its services. Potter told the interviewer that he was working both full-time and part-time jobs. Potter estimated that his combined income was $225 per week, or approximately $900 each month. The inter-

---

1. An attorney has been appointed to represent Potter in this appeal.

2. Potter also contended on appeal that the trial court abused its discretion when it failed to excuse a juror who was acquainted with a prosecution witness. During a colloquy, conducted by the trial court out of the hearing of the jury, the juror stated that he did not know the witness by name, had never spoken to the witness, and would not be influenced by the fact that he and the witness had occasionally attended the same fitness club. This Court concluded that the trial court did not abuse its discretion in not excusing this juror in light of such a limited acquaintanceship. *See Holmes v. State*, Del. Supr., 422 A.2d 338, 342 (1980). We, therefore, affirmed the decision of the Superior Court on this point in our prior order of remand. *Potter v. State*, Del.Supr., No. 351, 1986, Christie, C.J. (Jan. 21, 1988) (ORDER) at 3 [available on WESTLAW, 1988 WL 5832].

viewer's notes also reflect that Potter was unmarried and the father of three minor children. The interviewer concluded that Potter was not eligible for representation by the Public Defender's Office.

Potter appeared in the Superior Court on August 11, 1986, the date set for trial, without an attorney. Potter told the criminal motion judge that his income was $900 per month and that he could not afford to hire an attorney. The motion judge refused to continue Potter's trial. Potter informed the trial judge of his unsuccessful efforts to retain a private attorney or to be represented by a public defender. A representative of the Public Defender's Office confirmed to the trial judge that a determination had been made that Potter was ineligible for its services. Potter renewed his request for a continuance with the trial judge so that he could consult with his family and make additional efforts to retain the services of a private attorney.

The trial judge acknowledged to Potter that it would be preferable to be represented at trial by an attorney. Nevertheless, the trial judge noted that Potter was not eligible for the services of the Public Defender and that he had previously been advised to retain an attorney. The trial judge found that Potter's efforts to obtain an attorney had not been reasonable. Therefore, Potter's motion for a continuance was denied by the trial judge, and Potter was ordered to proceed without an attorney and to represent himself at trial.

## Indigent's Right to Representation by Counsel

■ Indigent persons who are charged with a criminal offense have a right to be represented at trial by an attorney provided at public expense. *Gideon v. Wainwright,* 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d 799 (1963). "The Office of Public Defender was created to insure that the constitutional right of an indigent defendant to the assistance of counsel in a criminal case is preserved." *Bailey v. State,* Del.Supr., 438 A.2d 877, 878 (1981) (citation omitted). *See* 29 *Del C.* §§ 4601–4607; *Waters v. State,* Del.Supr., 440 A.2d

321, 323 (1981). Delaware statutory law authorizes the court, *sua sponte,* to appoint "for cause" an attorney other than the Public Defender to represent an indigent defendant. 29 *Del.C.* § 4605; *Bailey v. State,* 438 A.2d at 878. The court may also make such appointments upon application of either the Public Defender or the indigent defendant. 29 *Del.C.* § 4605; *Bailey v. State,* 438 A.2d at 878.

If the issue of indigency is raised in a case involving a felony charge which may result in a prison sentence, this Court has held that the trial court has a duty to make a determination on the record as to the defendant's alleged indigency before the case proceeds to trial. *Stacey v. State,* Del.Supr., 358 A.2d 379, 380 (1976) (per curiam). The defendant has the burden of establishing a right to counsel at public expense, but he is entitled to a hearing on the issue of indigency. *Id.* This Court also held that it is error for a trial court to presume that a defendant is not entitled to counsel from a silent record. *Id.* Our initial review of the record in this case resulted in the conclusion that the trial court had erred as a matter of law when it failed to hold a hearing and to make an independent determination on the record as to whether Potter was indigent at the time of his trial and, thus, entitled to counsel at public expense. Therefore, Potter's case was remanded to the Superior Court.

## Remand in this Case

In accordance with the remand from this Court, the Superior Court held a hearing on February 26, 1988. An Assistant Public Defender was called to testify by the State. The Assistant Public Defender was asked if he was familiar with the standards that the Office of the Public Defender used to determine whether or not a person was financially eligible for its services. The Assistant Public Defender responded that he was not involved in making eligibility determinations. However, based upon his discussions with other persons in his office, "he believed" Potter would not be eligible for representation by the Public Defender's Office. The notes of the person who inter-

viewed Potter on August 8, 1986, were introduced by the State as an exhibit at the February 26, 1988 hearing.

Potter also testified at this hearing. Potter stated that he had overestimated his monthly income when he estimated it to be $900 in 1986. He.testified that his monthly income in 1986 was $300 to $500 per month. A payroll receipt was introduced in partial support of Potter's testimony. Following the February 26, 1988 hearing, the Superior Court concluded:

> Although the Court has the burden of determining the defendant's indigency at the time of trial and after arraignment, the same standards should be applied by the Court as by the Public Defender's Office to determine whether or not a person qualifies for court-appointed legal assistance. The Court finds, as a result of reviewing the record and the evidentiary hearing on February 26, 1988, that the defendant's net income was $900 a month and that the defendant has failed to establish that he was entitled to court-appointed counsel in August, 1986, defendant having the burden.

### Need for Independent Judicial Determination of Indigency

■ Although prior to an arraignment the determination of indigency *may* be made by the Public Defender, the Delaware statute expressly provides that after an arraignment a determination of indigency *shall* be made by the court. 29 *Del.C.* 4602(b). Section 4602(b) of Title 29 of the Delaware Code states that:

> Before arraignment the determination of indigency may be made by the Public Defender. At or after arraignment the determination shall be made by the court.

*Id.* In this case, the Superior Court found that the standards to be applied by the court in determining indigency should be the same as the standards applied by the Public Defender.

■ The standards used by the Public Defender's Office may be helpful to the Superior Court, but they cannot be conclu-

sive. Moreover, in this case, the standards used by the Public Defender's Office to determine indigency were never made a part of the record. Therefore, the application of those standards to Potter's financial circumstances for the purpose of declaring him ineligible for representation by the Public Defender is not a part of the record. The trial court's duty to conduct a hearing and to make a record of its determination as to indigency requires an independent hearing by the trial court. *See Stacey v. State*, 358 A.2d at 380. An evidentiary hearing on the record did not occur in Potter's case. *Cf. Kitchens v. Smith*, 401 U.S. 847, 848–49, 91 S.Ct. 1089, 1090, 28 L.Ed.2d 519 (1971) (per curiam).

### Basis for a Judicial Determination of Indigency

■ A defendant is considered indigent when he is unable to retain legal counsel without impairing his financial ability to provide economic necessities of life for himself and his family. Courts have had great difficulty in setting specific rules defining indigency. Various courts have made statements, in general terms, advancing broad criteria to determine what constitutes indigency of the accused for the purpose of entitling him to appointment of counsel. *See* Annotation, *Determination of Indigency of Accused Entitling Him to Appointment. of Counsel*, 51 A.L.R.3d 1108 (1973).

In this case, the Public Defender's Office apparently concluded that Potter was not eligible for its services solely based on his estimate of his earned income.[3] There is authority for the proposition that evidence of earnings alone may support a determination that indigency does not exist. *See United States v. Allen*, 596 F.2d 227, 232 (7th Cir.) (defendant with $25,000 annual income found not indigent), *cert. denied*, 444 U.S. 871, 100 S.Ct. 149, 62 L.Ed.2d 97 (1979). However, evidence of earnings is not always dispositive. Potter's representations that his salary was $225 per week and that he was the father of three minor

---

**3.** The portion of the interviewer's form which would list information about other assets and

sources of income available to Potter was left blank.

children required additional inquiry by the trial court.

■ Other factors which should generally be taken into consideration by the trial court are the additional resources which may be available to the defendant, including real and personal property, bank accounts, social security payments, and unemployment or other benefits. The court must also take into consideration the defendant's financial obligations, including normal living expenses, outstanding debts, and the number and age of his dependents. *See State v. Richter*, 221 Neb. 487, 378 N.W.2d 175, 180 (1985); *State v. Richter*, 225 Neb. 837, 408 N.W.2d 717, 719–20 (1987). After conducting reasonable inquiry into all of the foregoing circumstances, it is essential to fairness and to any meaningful form of appellate review that specific findings of fact be entered to support the determination of nonindigency and the denial of appointed counsel. *See State v. Lathe*, 132 Vt. 631, 326 A.2d 147, 149 (1974).[4] *Cf. Wade v. Lockhart*, 763 F.2d 999, 1001 (8th Cir.1985) (defendant who claimed indigency and inability to use land value to retain counsel on appeal improperly denied appointed counsel without hearing on ability to pay).

### Appointment of Counsel for Non–Indigents

■ A defendant in a criminal case has a right to be represented by counsel at all critical stages of the proceedings against him. Del. Const. art. I, § 7; *Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d 799 (1963). The assistance of counsel is often indispensible to due process in a criminal proceeding.[5] However, the right to have the assistance of counsel and the right to the assistance of counsel appointed at public expense are entirely different matters. The State is not obligated to provide counsel, at public expense, for every defendant accused of crime. Under *Gideon* and its progeny, the State's constitutional duty is to provide an attorney for an indigent defendant. *Hales v. State*, Del.Supr., 344 A.2d 229, 230 (1975). But the trial judge's duty under Superior Court Criminal Rule 44 is not limited to the appointment of counsel only for indigent persons.

Superior Court Criminal Rule 44 also provides for the appointment of counsel in *appropriate* cases for nonindigent defendants:

> (a) **Appointment of Counsel.** If the defendant appears in Court without counsel, the Court shall advise him of his right to counsel, and, in every case in which the law requires or any other case in which the Court deems it appropriate, the Court *shall assign counsel* to represent him at every stage of the proceedings *unless* he elects to proceed without counsel or is able to obtain counsel.

Super.Ct.Crim.R. 44(a) (emphasis added). The paramount concern of Superior Court Criminal Rule 44 is to insure the defendant's right to be represented by counsel in the absence of an express or implied waiver of that right. The secondary concern of Rule 44 is whether counsel should be provided at public expense. Thus, Superior Court Criminal Rule 44 imposes a dual obligation upon the trial judge. *Cf.* Fed.R.

---

**4.** It is important to provide counsel at the earliest possible time. The Superior Court should consider establishing procedures for the discharge its responsibilities pursuant to Superior Court Criminal Rule 44. It may be helpful for the Superior Court to develop a form to assist it in making an independent determination of a defendant's indigency or the appropriateness of appointing an attorney under Superior Court Criminal Rule 44. However, the form cannot be a substitute for a hearing. Any form, therefore, should be utilized only as a means of facilitating a more searching inquiry of the defendant at the hearing conducted by the court. *See Stacey v. State*, Del.Supr., 358 A.2d 379, 380

(1976) (per curiam); *State v. Lathe*, 326 A.2d 147, 149 (Vt.1974). Hearings to consider and resolve the need for the appointment of counsel should take place as soon as is practically possible. A prompt resolution of the need to appoint counsel is not only important to the defendant but will eliminate the disruption of the court's docket caused by delays and continuances.

**5.** *See* Project, *Seventeenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1986–1987*, 76 Geo. L.J. 521, 921–46 (1988).

Crim.P. 44(a).[6]

If a defendant appears in court without counsel and requests counsel, the Superior Court must first determine if the appointment of counsel is required by law. We have already noted that the purpose of the indigency hearing is for the Superior Court to make a reasonable inquiry into the defendant's financial resources. At the conclusion of the hearing, the Superior Court must make an independent determination about the defendant's financial ability to retain counsel. If the Superior Court finds that the defendant is clearly indigent, counsel is appointed. If the Superior Court finds that the defendant clearly has the financial resources available to retain private counsel, he has an obligation to do so. *Cf. United States v. Binder*, 794 F.2d 1195, 1200–02 (7th Cir.), *cert. denied*, 479 U.S. 869, 107 S.Ct. 234, 93 L.Ed.2d 159 (1986).

However, if the defendant is not indigent and only has the marginal financial ability to retain private counsel, Superior Court Criminal Rule 44 imposes an additional duty upon the Superior Court to make a determination as to whether or not it is appropriate to appoint counsel. This determination is addressed to the sound discretion of the Superior Court after taking into consideration the nature of the charge, the defendant's financial resources, and the efforts that the defendant has made to retain counsel.

■ In evaluating those circumstances where it would be appropriate to appoint counsel for a defendant that is not technically indigent, the Superior Court's discretion is broad. Nevertheless, the United States Supreme Court has held that an adequate inquiry into the question of a defendant's financial ability to retain counsel should explore the possibility that the defendant could only afford partial payment for the services of trial counsel and that counsel should be appointed on that basis. *Wood v. United States*, 389 U.S. 20, 20–21, 88 S.Ct. 3, 3–4, 19 L.Ed.2d 20 (1967) (per curiam). If a defendant is partially able to compensate counsel but cannot obtain private counsel, he may be entitled to the assignment of counsel, albeit not at the public's expense.

In fact, the Delaware General Assembly has anticipated the need for the discretionary appointment of counsel for nonindigent defendants with marginal financial ability. *See* 10 *Del.C.* § 8601. The General Assembly has also insured that the discretionary appointment of counsel for a nonindigent defendant, pursuant to Superior Court Criminal Rule 44, is not necessarily at public expense. If the court appoints an attorney to represent a nonindigent defendant, the court may also require the defendant to pay the cost of that representation. 10 *Del.C.* § 8601. The standards for setting the fees to be paid for appointed attorneys is already established by Superior Court Criminal Rule 44. In determining the amount and method of payment of the cost for appointed counsel, the statute requires the court to take into account the financial resources of the defendant and the nature of the burden that the payment of those costs will impose. 10 *Del.C.* § 8601(c).[7]

■ In discharging its responsibility under Rule 44 to nonindigent defendants with marginal financial means, the court must also evaluate the defendant's efforts to retain counsel. In some situations, the right to counsel can be implicitly waived by a failure of the defendant to make a satisfactory effort to retain counsel. *United States v. Weninger*, 624 F.2d 163, 166–67 (10th Cir.) (refusal to hire counsel despite repeated urgings by judge constituted

---

**6.** Rule 44 of the Federal Rules of Criminal Procedure provides in part:

**Rule 44. Right to and Assignment of Counsel.**

(a) **Right to Assigned Counsel.** Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate or the court through appeal, unless that defendant waives such appointment.

Fed.R.Crim.P. 44(a).

**7.** The concept of ordering reimbursement for the cost of appointed counsel has been upheld as constitutional. *Fuller v. Oregon*, 417 U.S. 40, 47–54, 94 S.Ct. 2116, 2121–25, 40 L.Ed.2d 642 (1974).

knowingly and intelligent waiver), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed. 2d 470 (1980). A defendant's demonstrated reluctance or recalcitrance to secure private counsel cannot frustrate the court's duty to control its docket.[8] However, unlike the right of self-representation which does not attach until it is *asserted,* the right to be represented by counsel in a criminal proceeding exists until it is *waived.*[9] *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir.1982). Therefore, an implicit waiver of counsel, like an explicit waiver of counsel, must appear on the record. *Stacey v. State,* 358 A.2d at 380; *United States v. Welty,* 674 F.2d 185, 187–89 (3d Cir.1982).

■ Given the hazards of self-representation, the interests of justice require the court to give careful consideration to the appointment of counsel, subject to repayment of that cost, for a nonindigent defendant with marginal financial resources and a demonstrated inability to retain private counsel. A record of the trial court's evaluation of the considerations we have outlined is necessary for a proper review of a finding that there has been an implicit waiver of counsel and that it is appropriate to order a defendant to proceed *pro se.*

■ The record in this case reflects that Potter tried but was not able to obtain counsel. The Superior Court found that Potter had implicitly waived his right to counsel and ordered him to represent himself. However, the Superior Court did not independently evaluate Potter's financial circumstances and did not balance the considerations we have discussed. *See Wood v. United States,* 389 U.S. at 20–21, 88 S.Ct. at 3–4. Therefore, the decision of the Superior Court that Potter was not indigent must be reversed and remanded. Upon remand, even if the trial court concludes that Potter was not indigent, Superior Court Criminal Rule 44 also requires the trial court to determine whether or not it would have been appropriate to appoint counsel to represent Potter.

### Conclusion

It is necessary for the Superior Court to conduct a hearing in accordance with this opinion. First, it must determine if Potter was indigent at the time of trial and entitled to be represented by counsel at public expense. Second, if it is determined that Potter was not indigent at the time of trial, a determination must also be made as to whether it would have been appropriate to appoint counsel to represent Potter, subject to his repayment of that cost. Therefore, the Superior Court's decision that Potter was not indigent and, hence, not eligible for court-appointed counsel is REVERSED. Pursuant to Supreme Court Rule 19(c), this cause is REMANDED to the Superior Court for proceedings consistent herewith. Jurisdiction is retained.

---

8. The trial court must balance a reasonable opportunity to retain counsel with the orderly and prompt disposition of cases. *United States ex rel. Carey v. Rundle,* 409 F.2d 1210, 1214–16 (3d Cir.1969), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). The orderly processes which are necessary to the administration of justice may not be subverted by defendants who do nothing to retain counsel during a time when they are free on bond. *United States v. Mitchell,* 777 F.2d 248, 256–58 (5th Cir.1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1493, 89 L.Ed.2d 895 (1986). *But see United States v. Rankin,* 779 F.2d 956, 958–61 (3d Cir.1986). In some cases, motions for a continuance have been denied, and a defendant has been ordered to represent himself based on an implicit waiver of the right to counsel. *See, e.g., United States v. Weninger,* 624 F.2d 163, 166–67 (10th Cir.), cert. denied, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). *Cf. Sampley v. Attorney Gen. of N.C.,* 786 F.2d 610, 613–16 (4th Cir.), *cert. denied,* 478 U.S. 1008, 106 S.Ct. 3305, 92 L.Ed.2d 719 (1986); *State v. Peterson,* 183 Neb. 826, 164 N.W.2d 649, 651–52 (1969). This does not appear to be the situation in Potter's case.

9. The State has the burden of proving a waiver of counsel by showing: (1) that the defendant comprehended the nature of the right he was forfeiting; (2) that the defendant, either by his own words or conduct, indicated an affirmative desire to relinquish the right; and (3) that he did so voluntarily. *Deputy v. State,* Del.Supr., 500 A.2d 581, 591 (1985) (en banc), *cert. denied,* — U.S. ——, 107 S.Ct. 1589, 94 L.Ed.2d 778 (1987).