**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KEVIN L. HINES, )
)
       Plaintiff, )
)
      v. )     C.A. No.: N23C-04-166 SPL
)
TED SAMMONS, LUVENIA )
ERVIN, CHARLENE STREGLES, )
and GAUDENZIA )
REHABILITATION FACILITY, )
)
      Defendants. )

*Upon Plaintiff's Motion*
*for the Appointment of Counsel*
**DENIED**

**ORDER**

This 26th day of February 2024, upon consideration of Plaintiff's, Kevin L. Hines ("Hines") "Motion for the Appointment of Counsel,"[1] it appears to the Court that:

1.    Hines filed his complaint in this Court on April 20, 2023, alleging claims of negligence, assault, medical malpractice, and sexual assault.[2]

---

[1] D.I. 42.

[2] D.I. 1 ("Compl.") ¶¶ 36, 37, 39.

2.      On May 12, 2023, the Court granted Hines' application to proceed *in forma pauperis*.[3]

3.      On August 24, 2023, the Court dismissed Hines federal claims.[4] Defendants answered Hines' complaint,[5] and discovery commenced.[6] On February 19, 2024, the Court directed the parties to confer on the status of discovery and to inform the Court of any disputes.[7]

4.      On February 21, 2024, Hines filed the "Motion for the Appointment of Counsel" presently before the Court.[8] He contends that: (1) he "is unable to afford counsel;" (2) "the issues involved in this case are complex;" and (3) as an incarcerated inmate he has limited access to the law library.[9]

5.      "Indigent persons who are charged with a criminal offense have a right to be represented at trial by an attorney provided at public expense."[10] "Courts have been reluctant, however, to extend that right to indigent plaintiffs in civil cases, and

---

[3] D.I. 9.

[4] D.I. 25.

[5] D.I. 26.

[6] D.I. 27, 28, 30, 32, 26.

[7] D.I. 41.

[8] D.I. 42.

[9] *Id.*

[10] *Potter v. State*, 547 A.2d 595 (Del. 1988) (citing *Gideon v. Wainwright*, 372 U.S. 335, 342-45 (1963)).

have almost universally declined to do so."[11] Delaware Courts consider "Motions for Appointment of Counsel under the more narrow framework of the 14th Amendment Due Process Clause."[12] Absent "special and compelling circumstances," the Constitution does not require the appointment of counsel in civil litigation.[13] This Court applies "the three-prong due process analysis set forth by the United States Supreme Court in *Matthews v. Eldridge*."[14] Under this analysis, this Court must balance "(1) the private interests at stake, (2) the government's interest and (3) the risk that the procedure without counsel would lead to erroneous results."[15]

6.      The private interest at stake here is Hines' right to meaningful access to the Courts. "Meaningful access has been interpreted to mean either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc., though the State is vested with discretion to select the method by which to implement this Constitutional guarantee."[16] Hines does not contend that his access to the Court has been restricted. In fact, he filed his complaint and has

---

[11] *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Ct. Apr. 28, 2010) (internal citations omitted).

[12] *Id.*

[13] *Id.*

[14] *Id.* (citing *Matthews v. Eldridge*, 424 U.S. 319, 321 (1976)).

[15] *Id.* (internal citations omitted).

[16] *Id.* (cleaned up).

diligently pursued discovery. It is evident that Hines can comply with Court rules and procedures and that the appointment of counsel is not necessary to ensure his meaningful access.[17]

7. As to the second *Matthews* factor, the government's interest, the Court must consider the State's "strong interest" in "maintaining order and discipline in its penal institutions."[18] "This strong interest, when considered in the context of the extraordinary remedy Plaintiff seeks, means that Plaintiff must make a very strong showing that his private interest in meaningful access outweighs this strong and well-recognized State interest."[19] Hines fails to make such a showing here; there is nothing that distinguishes his case from the volume of cases brought in this Court by unrepresented litigants.[20]

8. As to the third *Matthews* factor, the risk of erroneous results in the absence of counsel, the alleged "complexity of the matter and the risk of a wrong outcome do not overcome the State's strong interest in maintaining order and discipline in its penal institutions."[21] Importantly, as evidenced by his diligent engagement in the discovery process, Hines is capable of advancing his claims.

---

[17] *Id.*

[18] *Id.* (cleaned up).

[19] *Id.* (internal citation omitted).

[20] *Id.*

[21] *Id.* at *2.

9.     For the foregoing reasons, Hines' Motion for the Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge